THE CONSOLIDATED COAL COMPANY OF ST. LOUIS

*v.*

MICHAEL SCHEIBER.

*Filed at Mt. Vernon May 10, 1897—Rehearing denied October 12, 1897.*

1. PRACTICE—*section 50 of Practice act, concerning instructions to disregard faulty counts, construed.* The faulty counts in a declaration which the court is authorized, by section 50 of the Practice act, (Rev. Stat. 1874, p. 781,) to instruct the jury to disregard, are such only as would be insufficient to sustain the judgment after verdict.

2. SAME—*effect of refusal by court of instruction to disregard faulty count.* The refusal by the court to instruct the jury to disregard an alleged faulty count is not a decision that such count is faultless, but only that it is sufficient, after issue joined and in view of the evidence, to support a verdict and judgment for the plaintiff.

3. PLEADING—*when verdict will cure defective pleading.* A defect in pleading, in substance or form, which would have been fatal on demurrer, is cured by verdict where the issue joined is such as necessarily requires proof of the facts so defectively presented, and without which proof it is not to be presumed that the judge would have directed or the jury have given the verdict.

4. APPEALS AND ERRORS—*when error in refusing instruction to disregard faulty count is harmless.* Improper refusal to instruct the jury to disregard certain counts in a declaration is harmless where there is one good count in the declaration to which the evidence is applicable and which is sufficient to sustain the judgment.

5. MASTER AND SERVANT—*master voluntarily assuming a duty is liable for its negligent performance.* A master who voluntarily assumes a duty toward his servant and undertakes to perform the same must do so in a proper manner, and if, by reason of his careless performance thereof, the servant is injured while exercising due care for his safety the master is liable.

6. TRIAL—*not improper for counsel to comment on opponent's withholding evidence.* Where one party has withheld from the case evidence which is within his control, it is not improper for opposing counsel to comment upon that fact in his argument before the jury.

7. FELLOW-SERVANTS—*whether servants of same master are "fellow-servants" is a question of fact.* Whether servants of the same master are "fellow-servants," within the legal significance of that term, is a question of fact to be determined by the jury from all the circumstances in each case.

*Consolidated Coal Co. v. Scheiber,* 65 Ill. App. 304, affirmed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Madison county; the Hon. B. R. BURROUGHS, Judge, presiding.

CHARLES W. THOMAS, for appellant.

W. E. HADLEY, and HADLEY & BURTON, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellee, a boy of the age of sixteen years, was employed by appellant as a driver in its coal mine in drawing coal to the opening at the bottom of the pit, and after being so employed about five months was injured in his left leg by means of slate falling upon it from the roof of the mine. The injury was such that the limb was afterward amputated above the knee. Before that he had worked in the same mine about eighteen months as helper to the drivers. He recovered a judgment against appellant for $7566.35 on account of the injury, and this judgment has been affirmed in the Appellate Court.

The declaration contained six counts, to which counts appellant did not demur but pleaded the general issue. Upon the trial the defendant asked this instruction: "The court instructs the jury to disregard the first count of plaintiff's declaration;" also five others of the same character, one applicable to each count. The court gave the sixth but refused to give those applicable, respectively, to the first five counts. It is contended that all of the counts were faulty, and that it was the duty of the court, under the fiftieth section of the Practice act, to instruct the jury to disregard them. That section reads: "If one or more of the counts in a declaration be faulty, the defendant may apply to the court to instruct the jury to disregard such faulty count or counts."

The fourth count alleged, in substance, that the defendant was possessed of and operating a coal mine, commonly called the "Hintz Bluff Mine," near Collins-

ville, and the plaintiff, a minor of sixteen years of age, was employed in the mine for the purpose of driving mules, hitched to boxes loaded with coal, from the place where the boxes were loaded to the bottom of the shaft, and it was the duty of defendant to make and keep the places where the plaintiff was required to go in the performance of his duties, reasonably safe; that defendant had notice that the roof in a certain part of the mine where plaintiff was required to work was dangerous and unsafe and liable to fall, and defendant undertook to properly secure the said roof so that it would not fall on the plaintiff, but the defendant so carelessly did its duty in that behalf that the roof was loosened and rendered more dangerous and liable to fall, and while the plaintiff was in the performance of his duty, using due care and caution for his own safety, a large part of the roof of the mine fell upon the plaintiff and crushed him, etc. The fifth was substantially the same, except that it alleged that the plaintiff was ignorant of the danger to which he was exposed.

From the view we take of the case it is unnecessary to examine the other counts of the declaration, for if there is one good count to which the evidence was applicable and which is sufficient to sustain the judgment, the error of the court, if any, in refusing to instruct the jury to disregard the other counts becomes harmless. It could not in reason be said that the defendant occupied any better position than it would had it filed a general demurrer to each count and refused to plead further; and it has been decided by this court, under the statute, that where a defendant abides by his general demurrer which has been overruled to each of several counts, and final judgment has been rendered for the damages as assessed, the judgment will not be reversed because the court erred in overruling the demurrer to some of the counts, if one of the counts is good and the evidence upon which the damages were assessed is applicable to such good count.

(*North* v. *Kizer*, 72 Ill. 172. See, also, *Shreffler* v. *Nadelhof-fer*, 133 Ill. 536; *Chicago and Eastern Illinois Railroad Co.* v. *Hines*, 132 id. 161; *Anderson* v. *Semple*, 2 Gilm. 455.) Only such faults, however, in the count as would render it insufficient to support the judgment can be reached by instructions to disregard it,—all others are waived by taking issue upon it; for the general rule is, that all defects appearing upon the face of the pleading are waived by taking issue upon it instead of demurring, except such as show that there is no cause of action or such as are not cured by verdict. (6 Ency. of Pl. & Pr. 372, and notes.) Thus, in *Chicago, Burlington and Quincy Railroad Co.* v. *Warner*, 108 Ill. 538, it was held that where the declaration would be sufficient after verdict, as where there was a failure to aver that the plaintiff had no notice of the defective construction of the car, and the defendant did not demur, but on the trial moved to exclude the evidence because of the insufficiency of the declaration, there was no error in overruling the motion. So, also, in *Chicago, Burlington and Quincy Railroad Co.* v. *Harwood*, 90 Ill. 425, where there was a failure to allege in and by what acts the carelessness and impropriety in driving and managing the train were manifested, it was held that such insufficiency should have been availed of by demurrer and could not be availed of on error.

The ruling of the court in refusing to give the instructions in question was not a decision, as contended by counsel, that the counts of the declaration to which the instructions severally applied were faultless, but only that they were sufficient, after issue joined and in view of the evidence then before the court and jury, to support a verdict and judgment for the plaintiff. Any other construction of the statute would give an undue advantage to the defendant by permitting him, after waiving the apparent insufficiency of the declaration by taking issue and denying the truth of its allegations, and after, perhaps, a protracted trial of controverted facts upon

such issue, to attempt for the first time to take advantage of a mere defect in the pleading of his adversary. The rule at common law was, that although there were good counts in the declaration, yet if there were one bad count the judgment would be arrested. But that rule applied only where such bad count was insufficient to support the judgment, and not where it would have been held merely defective in stating the cause of action. Our statute has so far changed that rule that where there is an entire verdict on several counts it shall not be set aside or reversed because the declaration contains a defective count, if there be one or more counts sufficient to sustain the verdict. So it is plain, we think, that the faulty counts which the statute authorizes the court to instruct the jury to disregard, are such only as would be insufficient to sustain the judgment after verdict. The rule as to what defects in a pleading, whether in substance or in form, would be cured by a verdict, as stated in *Chicago and Eastern Illinois Railroad Co.* v. *Hines*, 132 Ill. 161, and in books on common law pleading, is, "that a verdict will aid a defective statement of title, but will never assist a statement of a defective title or cause of action;" and that "where there is any defect, imperfection or omission in any pleading, whether in substance or in form, which would have been a fatal objection upon demurrer, yet if the issue joined be such as necessarily required, on the trial, proof of the facts so defectively or imperfectly stated or omitted, and without which it is not to be presumed that either the judge would direct the jury to give or the jury would have given the verdict, such defect, imperfection or omission is cured by the verdict." See, also, 28 Am. & Eng. Ency. of Law, 417, "Verdict," and notes.

Applying this rule and the authorities above referred to, there can be no question, we think, that the fourth and fifth counts are sufficient to sustain the judgment. That being so, there was no error in refusing to give the

instructions to the jury to disregard them. In so holding we do not overlook the contention of counsel that there was no duty imposed by law upon appellant to keep the roof of the mine in a reasonably safe and secure condition, so as to prevent slate, stone and other materials naturally composing the same from falling upon and injuring its employees at work in such mine. This contention of counsel is based, first, upon the proposition that the act of the General Assembly providing for the health and safety of persons employed in coal mines has superseded the common law rule, so far as the same might be applied to mines, that the master is in duty bound to provide a reasonably safe place for his employees to work,—at least so far as it might be supposed to be the duty of the master, by means of sufficient props and timbers, or otherwise, to support the roof and prevent it from falling,—for it is urged that the sixteenth section of said act requires only that the owner, agent or operator of any coal mine shall keep a sufficient supply of timber, where required to be used as props, so that the workmen may at all times be able to properly secure the said workings from caving in, and shall send down all such props when required; and the argument is, that, under the statute, whatever the rule may have been at common law, it is the duty of the workmen themselves to prop and properly secure the roof of the mine from falling in. The contention of counsel is based, secondly, upon the fact that appellant had posted up, in convenient places about the mine, certain rules made to secure the safety of employees, and which reminded them that they were engaged in a dangerous business, and that the danger of injury from falling roof and coal was one of the usual risks of the service; that no one working in the mine was authorized to incur any risks by relying upon the timber-man; that he was employed for the convenience of other employees, and not to relieve them of the duty of securing the roof, and that it was the duty of

every one working in the mine to examine the roof and face of the coal before commencing work and from time to time while at work, and, if the roof was at any time unsafe, to at once prop the same or cease work there and notify the timber-man.

As to the first branch of counsel's contention, it is sufficient to say that it is alleged in the fourth and fifth counts that the roof in a certain part of the mine where the plaintiff was required to work was dangerous and unsafe and liable to fall, and that the defendant undertook to properly secure such roof so that it would not fall on the plaintiff, but did the same so carelessly that the roof was loosened and rendered more dangerous and liable to fall, and did so fall and injure the plaintiff while he was using due care for his own safety. The evidence showed that appellant had in its employ a timber-man to prop the roof of the mine and "to timber the place fully," and that he was engaged in the discharge of that duty; that he had been notified of the unsafe condition of the part of the roof from which the slate fell, a sufficient length of time before the accident to have further propped it or to have put in cross-bars to hold up the loose part, but that he said it would not fall and that he had other work to do, and did not prop it; that the plaintiff did not know of the unsafe condition of this part of the roof and that he had never read the rules posted up in the mines, although he had had his attention called to them. While the allegation of the declaration that the defendant undertook to properly secure the roof, but did it so carelessly that the roof was loosened and rendered more dangerous and liable to fall, might have been subject to demurrer as not sufficiently specific, still we regard it as sufficient after verdict, or, as before said, before verdict upon the instructions, to support the judgment. Whether, therefore, it was the duty of appellant or not to prop the roof, still, if it assumed that duty and undertook to discharge it, and did so in such a care-

less manner that the roof was thereby loosened and rendered more liable to fall, and the plaintiff was in the exercise of due care for his own safety, as alleged and as necessarily found by the jury, the appellant would be liable. Having undertaken to perform the work it became its duty to perform it in a proper manner, whether bound in the first place to perform it at all or not. We do not, however, wish to be understood as holding with the contention of counsel that the statute has formulated a complete code of rules by which all liability of the operator or owner of the mine is to be governed, and that there is no longer any common law duty resting upon such owner or operator, for a violation of which an action will lie. So far as the rules posted up by the company are concerned, they were mere evidentiary facts, and cannot here, after affirmance of the judgment by the Appellate Court, be availed of to reverse the judgment. In view of the issue found against appellant that it undertook, itself, to secure the roof and did the work so carelessly that it fell upon the plaintiff, whatever effect these rules might properly have had upon that issue of fact in the courts below, it may well have been found that they were waived by appellant by its undertaking to do, and doing, what it is now contended the plaintiff and the other workmen should have done. At any rate, as the case stands they raise no question of law here.

Nor was there error in refusing to instruct the jury, as requested by the defendant, to find the defendant not guilty. Viewed as a question of law, there was sufficient evidence to submit the issues to the jury and to sustain the verdict.

Objection is made that the court permitted counsel for plaintiff, in his closing argument, to comment upon the fact that the defendant did not call the timber-man employed by it, as a witness upon the trial. There was no error in this. If the defendant withheld evidence in its control from the case, it was not improper for counsel

to comment on that fact.    *Winchell* v. *Edwards,* 57 Ill. 41;
*Illinois Mutual Fire Ins. Co.* v. *Malloy,* 50 id. 419.

Nor can we say, as a matter of law, as contended for
by appellant, that the timber-man employed by appel-
lant to look after and prop the roof, in which capacity
he was engaged in the making of the place reasonably
safe for the workmen, was a fellow-servant with the
plaintiff, who was acting as driver in hauling coal.   "The
general rule recognized by the repeated decisions of this
court is, that the question whether different servants of
the same master are fellow-servants, within the legal
signification of that term, is a question of fact, to be de-
termined by the jury from all the circumstances of each
case." (*Mobile and Ohio Railroad Co.* v. *Massey,* 152 Ill. 144.)
Our attention is not called to any instruction asked or
given, or ruling of the court, upon that question, and the
question is raised only as a question of fact from the evi-
dence.

We find no material error in the instructions given, and
the judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*