The Illinois Central Railroad Company

*v.*

Harry C. Weiland.

*Opinion filed February 17, 1899—Rehearing denied June 19, 1899.*

1. PLEADING—*when declaration for negligence states a cause of action.* A declaration against a railroad company by a brakeman injured in coupling cars states a cause of action which alleges a breach by the defendant of its duty to keep the brake of the car in repair, which defect was known to the defendant but not to the plaintiff, by reason of which the plaintiff, being unable to check the speed of the car, was injured, though using ordinary care for his safety.

2. SAME—*ordinary care may be alleged in general terms.* In alleging negligence the declaration must aver in what respect defendant was negligent, but it is sufficient to allege in general terms that plaintiff was using due care.

3. SAME—*limitations—when additional counts are not barred.* Additional counts filed more than two years after the injury, which allege the same transaction, same injury and same negligence as the original counts, with the additional allegation of a promise by defendant to obviate the danger and plaintiff's reliance thereon,

are not barred by the statute where no recovery is sought for a breach of the promise, the purpose of the averment being only to show plaintiff's exercise of ordinary care.

4. APPEALS AND ERRORS—*when refusal to instruct jury to disregard counts will not reverse.* Refusal to instruct the jury to disregard each count is not ground for reversal though some counts may be insufficient, if the other counts are good and applicable to the evidence.

CARTWRIGHT, C. J., and PHILLIPS and BOGGS, JJ., dissenting.

*Illinois Central Railroad Co.* v. *Weiland,* 67 Ill. App. 332, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. NATHANIEL C. SEARS. Judge, presiding.

JOHN G. DRENNAN, (JAMES FENTRESS, of counsel,) for appellant.

JAMES C. MCSHANE, for appellee.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

Appellee recovered a judgment against appellant in the superior court of Cook county for an injury to his left hand, received while in the service of appellant as a switchman. The Appellate Court affirmed the judgment and settled all questions of fact against the company.

The accident occurred at appellant's switch yards, where appellee and other employees of the company were engaged in switching cars. One of such employees had charge of the engine, which would push a car down onto a certain track with sufficient momentum to run to the particular part of the yard where the car was to be coupled by a switchman to other cars standing there. It was appellee's duty, as one of such switchmen, to climb on top of the hind end of the car as it came down, go to the other end, apply the brake so as to slacken the speed, then climb down again and go to the forward end and couple the cars as they came together. The evidence showed that to perform this labor great rapidity of move-

ment on the part of the switchman was necessary, and he was generally compelled to run back and forth to meet the exigencies of his work. The declaration contained six counts, all of them charging that to render the work reasonably safe to appellee and other switchmen there employed it was necessary to have additional help,—that is, a brakeman on the car and a switchman to do the coupling,—but that the defendant neglected to furnish a sufficient number of switchmen to perform the work, and negligently and improperly required one switchman to board the moving car, to apply the brake and regulate its speed, and then to get off said car while it was in motion and to run ahead and couple it to the next car, and that while he, appellee, was so engaged, and while using due care for his own safety, his left hand and arm were caught between the bumpers and three of his fingers were so mashed and mangled that they were afterward necessarily amputated. This, in substance, was the only negligence charged in the first and second counts, but as the other counts contained other charges, we do not deem it necessary to consider the contentions of counsel in respect to the questions whether or not the first two set up a sufficient cause of action, or whether or not, under the evidence, the plaintiff could have recovered under their allegations alone. The third and fourth counts contained additional allegations, in substance, that it was the duty of the defendant to use reasonable care to keep the brakes on said cars in repair, but that it did not do so, but negligently permitted the brake on a certain car then being switched by the plaintiff to become and remain, without his knowledge but to the knowledge of the defendant, in a defective condition and improper state of repair, so that the speed of the car could not be properly regulated; that in the performance of his duties he mounted said car while it was being switched and applied the brake, and then climbed down to the ground and ran ahead and in between the two cars to be coupled, to couple the same,

but that by reason of the defective condition of the brake he could not regulate the speed of the car, and by reason thereof, and while attempting to couple the same to said other car, and while using due care for his own safety, his hand and arm were caught between the bumpers, etc., and injured. The fifth and sixth counts were filed after the expiration of two years after the accident, and in addition to the plea of not guilty filed to all of the counts, the defendant pleaded the Statute of Limitations of two years to said fifth and sixth counts. The fifth was substantially the same as the first two, except that it alleged that the plaintiff objected to continue to do such switching unless the defendant would furnish a sufficient number of switchmen to safely do such switching, and that the defendant promised the plaintiff that if he would continue his work as such switchman, it, the defendant, would in a short time furnish a sufficient number of men to perform said work, and that, relying upon such promise, the plaintiff continued in such employment, and afterward, etc., was injured in the manner before stated. No evidence of any such promise was given. The sixth count was in substance the same as the third and fourth, except it alleged the plaintiff objected to continuing in such service, and thereupon the defendant promised the plaintiff that if he would continue to perform such work a short time, it, the defendant, would take the plaintiff off said work and put him to work at another place where the work would be of a different character and less dangerous, and that, relying upon such promise, he continued such work for a time so short that he believed, and was justified in believing, that the defendant would fulfill such promise, and was injured, etc., in the manner above stated.

As before indicated, we shall not consider any question arising under the first, second and fifth counts, for the reason that the third, fourth and sixth counts are amply sufficient to sustain the judgment and were applicable to the case made on the trial.

It is first said that the court erred in sustaining the demurrer to the plea of the Statute of Limitations to the fifth and sixth counts. We are not of that opinion. They were mere re-statements of the cause of action which had been alleged in the previous counts. They alleged the same transaction, the same injury and the same negligence of the company, the only additional charge being the promise of the defendant to obviate the danger by the means stated in the counts, and the reliance of the plaintiff on such promise. These allegations did not dispense with the necessary allegations of negligence of the defendant, which negligence was the operating cause of the injury and which allegations were still necessary to be proved on the trial, but they affected only the question of the contributory negligence of the plaintiff in remaining after knowledge of the danger. No recovery was sought on the alleged promise nor for any negligence in failing to keep the promise, but on the same negligence which was set up in the counts previously filed. (*Swift v. Madden*, 165 Ill. 41; *Chicago Anderson Pressed Brick Co. v. Sobkowiak*, 148 id. 573; *Swift v. Foster*, 163 id. 50.) There is a clear difference between the case at bar and *Illinois Central Railroad Co. v. Campbell*, 170 Ill. 163, in respect to this question. In the latter, the allegations in the different counts had reference to the negligence of the defendant; in the case at bar to the observance of due care by the plaintiff. In alleging negligence it is necessary to allege in what respect the defendant was guilty of negligence, while it is sufficient to allege in general terms that the plaintiff was in the exercise of ordinary care for his own safety or to avoid the injury complained of. The demurrer to the plea was properly sustained.

Whether the preponderance of the evidence was in favor of the plaintiff or not we cannot inquire. Sufficient evidence appears in the record to sustain the judgment under the third, fourth and sixth counts of the declaration, and the court properly refused to instruct the jury

to find a verdict of not guilty. Instructions were asked by the defendant to the jury to disregard each of the counts in the declaration, and were refused. Appellant contends that in this the court erred, and especially as to some of the counts. As we have seen, the third, fourth and sixth counts were sufficient, and if it were held the instructions applicable to the first, second and fifth should have been given, the error could not operate to reverse the judgment. *Consolidated Coal Co.* v. *Scheiber*, 167 Ill. 539.

The jury were fully and fairly instructed as to the law, as requested by the defendant, covering every important phase of the case, and while certain proper instructions offered were refused, their substance was contained in others given, and while certain others were modified, we find no such error in the modifications as insisted upon by appellant. No instructions were asked by the plaintiff, and while the practice is not to be commended of allowing attorneys to comment to the jury on their reasons for not asking the court to give instructions to the jury on behalf of their client, and concerning their reasons, not appearing but from outside of the record, for filing or not filing certain pleadings, and while it is, of course, true that the instructions are the instructions of the court and not of the parties or their counsel, and that the pleadings make the only issues for the jury to try, and that argument to the contrary to the jury should not be indulged in by counsel nor allowed by the court, still, it cannot be said, we think, as contended by appellant, that counsel for appellee in his closing address to the jury, set out in the record, so far abused his privilege as an attorney, in this respect, as to justify a reversal of the judgment on that ground alone.

The judgment must be affirmed.

*Judgment affirmed.*

CARTWRIGHT, C. J., and BOGGS and PHILLIPS, JJ., dissenting.