## Chicago Union Traction Co. v. Frank A. Kallberg, by His Next Friend.

1. INSTRUCTIONS—*As to the Duty of Carriers of Passengers.*—An instruction that as a matter of law it is the duty of a railroad company to use the highest degree of care and caution consistent with the practical operation of the road to provide for the safety and security of passengers while being transported, is proper where the evidence tends to show that the accident was caused by the negligent management and operation of the car while plaintiff was riding thereon as a passenger.

2. SAME—*Party Can Not Complain of an Instruction When the Same Rule of Law is Stated in One of His Own.*—A party can not complain of an instruction which states a rule of law contained in one of his own.

3. SAME—*Refusal to Give Instruction to Disregard Certain Counts Harmless Where the Declaration Warrants a Recovery on Other Counts.*—The refusal of the court to give an instruction to disregard certain counts in the declaration, is harmless error where there are other good counts in the declaration sufficient to sustain the judgment.

4. EVIDENCE—*It is Proper to Show Custom of Riding on the Running-Board of a Street Car.*—In an action for personal injuries inflicted while riding on the running-board of a street car, it is proper to admit evidence tending to show that it was the custom for people to ride upon the running-board of the street car toward the sidewalk, and that the other running-board was turned up so that no one could stand upon it.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge presiding. Heard in this court at the March term, 1902. Affirmed. Opinion filed February 26, 1903.

JOHN A. ROSE and LOUIS BOISOT, attorneys for appellant; W. W. GURLEY, of counsel.

Chicago Union Traction Co. v. Kallberg.

DARROW & THOMPSON, attorneys for appellee.

MR. JUSTICE WINDES delivered the opinion of the court.

Appellee, a minor aged fifteen years, was injured October 4, 1900, while a passenger on one of appellant's cars and standing on the running-board thereof, by reason of a collision between an express wagon and the car. Appellee's left leg was crushed so that it had to be amputated. He recovered a verdict and judgment thereon for $10,000, from which this appeal is taken. No claim is made that the evidence does not warrant the verdict, nor that the amount given is excessive, but only that the court erred in the refusal of certain instructions asked by appellant, in giving one instruction for appellee, and in the admission of evidence.

The instruction for the appellee, of which complaint is made, is as follows:

"1. The court instructs the jury, as a matter of law, that it is the duty of a railroad company to use the highest degree of care and caution consistent with the practical operation of the road to provide for the safety and security of passengers while being transported."

It is claimed that the instruction is erroneous as being an abstract proposition of law, is not applicable to the facts of the case, and that it omits the element of reasonableness. We think the evidence tends to show that the accident was caused by the negligent management and operation of appellant's car while appellee was riding thereon as a passenger. The instruction was, therefore, as we think, applicable to the facts of the case. That it states a correct proposition of law is established by the following decisions of the Supreme Court: West Chicago St. R. R. Co. v. Johnson, 180 Ill. 285–7, and cases cited; West Chicago St. R. R. Co. v. Kromshinsky, 185 Ill. 92, and cases cited; Springer v. Ford, 189 Ill. 430–4.

Any apparent conflict between these decisions and decisions of this court or previous decisions of the Supreme Court, must be resolved in favor of the later expressions of the Supreme Court.

Moreover, appellant can not complain of this instruction, since, by its 23d instruction given, practically the same rule of law is announced in the first part of that instruction, which contains the following language, viz.:

" 23.    The court instructs the jury that while a common carrier is required to exercise the highest degree of care for the safety of its passengers consistent with all the circumstances and surroundings and consistent with the practical operation of its railroad," etc.    Lake Shore and M. S. Ry. Co. v. Conway, 169 Ill. 505–8; Chicago & Alton R. R. Co. v. Harrington, 192 Ill. 9–25, and cases cited; Springfield Con. Ry. Co. v. Puntenney, 200 Ill. 9; West Chicago St. R. R. Co. v. Buckley, 200 Ill. 260.

Appellant makes claim that the court erred in refusing its 3d, 8th and 9th instructions.    It is unnecessary to set them out.    If it be conceded that they were proper instructions to be given in the case, which it is unnecessary to, and we do not decide, still it was not error to refuse them, because they are all, in substance, covered by other instructions asked by appellant and given.    The 3d is, in substance, covered by instructions 10, 12 and 33.    The 8th is covered in substance by the 14th, 24th and 30th instructions asked by and given for appellant.    The 9th instruction is covered, except as to the form of the verdict, by the 12th, 13th and 29th instructions asked by and given for appellant.    There was no prejudicial error in refusing to instruct as to the form of the verdict, and that is not claimed.

A further claim is made that the court erred in refusing defendant's instructions Nos. 5, 6 and 7.    The substance of these instructions is a direction to the jury to disregard the 3d, 4th, 6th, 7th and 8th counts of the declaration, either because there was no evidence to sustain the charges of these counts, or that there could be no recovery under them, without stating any reason why.

It is a sufficient answer to this claim that the error, if any, in refusing these instructions is harmless, because there are other good counts in the declaration to which the evidence is applicable, and which are sufficient to sustain

the judgment.   Consolidated Coal Co. v. Scheiber, 167 Ill. 539–40; Swift & Co. v. Rutkowski, 182 Ill. 18–24; Chicago & Alton R. R. Co. v. Anderson, 166 Ill. 572–5; Illinois Central R. R. Co. v. Weiland, 179 Ill. 609–14; Baltimore & Ohio S. W. Ry. Co. v. Keck, 185 Ill. 400.

In the Rutkowski case, *supra*, the court say:

"It is also claimed that the court erred in refusing to instruct the jury to disregard the second additional count of the declaration, filed January 28, 1896, and the second and fourth additional counts, filed January 15, 1897.   It is conceded that the declaration contains one or two counts which are good and to which the evidence is applicable, and that these counts, or one of them, are sufficient to sustain the judgment.   Where such is the case, it was expressly held in Consolidated Coal Co. of St. Louis v. Scheiber, 167 Ill. 539, that the refusal of the court to instruct the jury is not reversible error.   The same rule was declared in Chicago & Alton R. R. v. Anderson, 166 Ill. 575, and the rule established in those cases must control here."

Moreover, by the thirtieth instruction given at appellant's request, the jury is told to examine the allegations of the various counts of the declaration and measure the evidence with reference thereto, to "see whether or not any one of the said counts of the declaration is proved by the greater weight of the evidence," thus leaving the jury to consider all the counts of the declaration.   In view of this request, appellant can not be allowed to claim that there was error in refusing the fifth, sixth and seventh instructions.

The only remaining claim made by appellant is that the court admitted evidence to the effect that it was the custom for people to ride upon the running-board of appellant's car toward the sidewalk, and that the other running-board was turned up so that no one could stand upon it.   It is claimed that this evidence was admitted for the purpose of showing that appellee was not guilty of contributory negligence.   If this was the purpose of offering the evidence, such does not appear from the record so far as we have been able to discover, and counsel have not pointed out anything in the record which indicates that such was the

purpose of the evidence. We think, however, it was competent as tending to show that the running-board of the car was customarily used by passengers, and that this must have been known to, and was acquiesced in by, appellant. North Chicago St. R. R. Co. v. Kaspers, 186 Ill. 246-9, and cases cited; Springer v. Ford, 189 Ill. 430-8.

In both the cases cited, similar evidence, under somewhat similar circumstances, was held to be admissible, and we do not think that the case of West Chicago St. Ry. Co. v. Torpe, 187 Ill. 610-13, relied on by appellant, in any way conflicts with these cases.

The judgment of the Circuit Court should, in our opinion, be, and is affirmed.