# CASES

# THIRD DISTRICT

# APPELLATE COURT OF ILLINOIS,

### DURING THE YEAR 1904.

---

## The Sattley Manufacturing Company v. John M. Wendt.

1. ASSUMED RISK—*what within doctrine of.* Where a servant knew and appreciated the danger to himself in operating machinery, the injury which he received is, in law, the result of his contract of employment and is deemed to have resulted from a risk which he assumed, unless he demanded that the defect (which proximately caused his injury) be cured, or that necessary repairs be made, and the defendant promised but failed to make compliance, or unless he was expressly directed to operate such machinery, notwithstanding his protest and its unsafe condition. In case of a demand and promise to repair or cure the defect, if the danger in operating the machinery was not so great that a person of ordinary prudence would not have undertaken it, he would be justified in so operating the same for a reasonable length of time thereafter, and in case of its operation by him under an express direction, he would be justified in so doing unless the danger was so great that no reasonably prudent person would undertake it.

2. VARIANCE—*definition of.* A variance has been defined to be a substantial departure from the issue in the evidence adduced, and it must be in some matter which, in point of law, is essential to the charge or claim.

3. VARIANCE—*what essential to constitute.* To constitute a variance the evidence should tend to prove a different cause of action than that averred, or a substantive ground of recovery not within the issue.

4. VARIANCE—*what does not constitute.* Where a declaration merely alleges the exercise of due care upon the part of the plaintiff, it is not a variance to show that the defendant promised to repair and did not do so, and that, relying upon such promise, the plaintiff continued in the defendant's employ and was injured.

Action on the case for personal injuries. Appeal from the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge,

presiding. Heard in this court at the November term, 1903. Reversed and remanded. Opinion filed October 14, 1904.

WILLIAM L. PATTON and LOGAN HAY, for appellant.

JOHN G. FRIEDMEYER and E. S. SMITH, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

This is an action on the case by appellee against appellant to recover damages for a personal injury sustained by him while in appellant's employ. There was a verdict of a jury, assessing plaintiff's damages at $2,200, upon which verdict the court rendered judgment.

The declaration alleges that defendant was a manufacturer of farm implements and machinery; that among other machines operated by it was a jointer; that said jointer was a machine with a double platform or table attached to a frame work and built over and around a circular shaft with steel knives attached; that said shaft revolved in a transverse opening across the table, and was operated by steam power at the rate of 3,500 revolutions a minute; that there was no guard over the knives upon the shaft to prevent the hands of the operator from coming in contact with the knives; that plaintiff was an inexperienced man with machinery, and had no knowledge of the operation of a jointer, as defendant well knew; that plaintiff was directed by the foreman of defendant to dress the edge of certain boards by running the same across and over the knives, and that an incompetent helper was directed to assist him; that while plaintiff, in the exercise of due care was operating said jointer, his left hand was, by some irregular jerk of the board he was dressing, thrown upon the knives, whereby four fingers and part of said hand were cut off; that it was the duty of the defendant to keep said knives guarded so as to be reasonably safe for persons operating the same, and to employ competent persons to operate the same; that defendant neglected its duty in that behalf, and allowed said jointer to remain in a dangerous condition, well knowing it was unsafe, and directed plaintiff to oper-

ate said jointer in such unsafe and dangerous condition, in consequence whereof the plaintiff while operating said jointer and in the exercise of due care was injured; that by reason of neglect and wrongful failure sufficiently to cover and guard the unused portion of the knives and circular shaft protruding through the opening in the adjustable platform of said jointer, and the dangerous and unsafe condition thereof, and by reason of said neglect and wrongful failure on its part to cause to be constructed and placed sufficient adjustable covering or guard over said unused portion of said knives and circular shaft of said jointer as aforesaid, plaintiff was injured. To this declaration defendant pleaded the general issue. There is no evidence tending to show that the helper employed by defendant was inexperienced, nor that the injury to plaintiff resulted from any negligence of such helper.

It appears from the evidence that the plaintiff was injured June 26, 1902; that he was thirty-two years of age, claiming to be an expert machinist in the line of setting up and operating farm machinery; that he had considerable experience in general work in wood-working shops; had frequently observed jointers in operation and had worked in the capacity of helper and operator on the jointer in question the greater part of six days immediately preceding his injury, and occasionally during the two or three weeks immediately prior to the 19th of June, 1902; that during all of that time the jointer had been operated without a guard. The guard spoken of is a board six or eight inches wide and eighteen inches long, clamped on the table so as to cover the exposed section of the revolving shaft to which the knives are attached. There is evidence tending to show that the board used as a guard was provided by defendant, but that the clamps to fasten it in place were not available.

Appellee's position is, that the declaration substantially avers that the jointer was out of repair or defective and thereby dangerous; that plaintiff was inexperienced and did not know and appeciate the danger of operating a jointer without a guard; that although he had knowledge

of the defect (the absence of a guard) in the jointer, he did not know and appreciate the danger involved in operating it in such defective condition, and also that plaintiff was expressly commanded by defendant's foreman to operate said jointer in such dangerous condition.

If the verdict was predicated upon plaintiff's inexperience and want of knowledge and appreciation of the danger involved in operating the jointer without a guard, it is against the manifest weight of the evidence. The plaintiff was the only witness testifying to his inexperience and want of knowledge of such danger, and the record of his cross-examination on that subject, is, in part, as follows:

"Q.   A man who stood by the side of a jointer, facing one of these jointers, could see it was a dangerous machine? A.   Certainly.

Q.   And he would realize if he got his hand in there, he would get hurt? A.   Certainly.

Q.   You noticed it down there, didn't you, you noticed the fact when you saw the machine working down there afterwards? A.   Yes, sir. I kept my hands in my pockets then. I thought it was a pretty good place to keep them.

Q.   Now that machine in the shape it was, without any guards, was an extremely dangerous machine, was it not? A.   Yes, sir, it was.

Q.   You knew it was, the morning you were working there on it? that it was almost impossible for a man not to get hurt? A.   It was not any more so that morning than any other morning, without protection.

Q.   Was that machine at any time, without a guard there, of such a character that it was almost impossible for a man to work on it without getting hurt? A.   When not protected in any way, yes.

Q.   And anybody, a wood worker or any man who was passing by the machine, could see that by looking at it? A.   Yes, sir.

Q.   It would not take an expert or skilled workman to understand that any man who attempted to work on that machine without a guard would get his fingers hurt, would it? A.   Why, I don't know as it would.

Q. Anybody passing there that knew anything, that was old enough to understand anything, could see if he went to work on that machine without a guard, he was apt to get hurt? A. Well, I don't really sanction with you on that, I think it takes a man with common sense and a little experience to realize those things.

Q. You had common sense and experience to realize it? A. I didn't know anything about machinery at that time.

Q. You didn't have the common sense and experience to realize? A. I didn't have the experience, if you please."

Plaintiff further testified that in January preceding his own injury, he saw an experienced machine man get the points of his fingers cut on the same jointer, and that a few days later he saw the same man get his coat caught in it, while operating it without a guard. We are unable to appreciate the distinction drawn by plaintiff between knowledge of danger acquired by common sense and observation and such knowledge acquired by experience. If plaintiff knew and appreciated the danger to himself in operating the jointer without a guard, the injury he received must be held to have resulted from his contract of employment and was an assumed risk, unless he demanded that the defect be cured or the necessary repair made and the defendant promised a compliance, or unless he was expressly directed to operate the jointer notwithstanding his protest and its unsafe condition. In case of a demand and promise to repair or cure the defect, if the danger of operating the jointer was not so great that a person of ordinary prudence would not have undertaken it, he would be justified in so operating it a reasonable length of time thereafter, and in case of its operation by him under an express direction he would be justified in so doing unless the danger was so great that no reasonably prudent person would undertake it. C. & E. I. R. R. Co. v. Heerey, 203 Ill. 492.

Plaintiff's right of recovery under the evidence in this record can only be sustained, if at all, upon proof of one or the other of the foregoing exceptions to the application of the doctrine of assumed risk. Whether there was a de-

mand by plaintiff and a promise by defendant to repair or
cure the defect, whether plaintiff, notwithstanding objec-
tion or protest, was expressly directed to operate the ma-
chine in its then condition, and whether the danger of so
operating it was so great that no reasonably prudent per-
son would undertake it, are all questions of fact for the jury.

On the trial plaintiff was permitted to testify to a con-
versation with defendant's foreman, tending to show that
plaintiff had complained to the foreman that the jointer
could not be safely operated without a guard and asked
that a guard be attached; that the foreman directed plaint-
iff to operate it and promised plaintiff to send for the
clamps necessary to attach the guard in place. Counsel
for defendant, in apt time, objected to the evidence upon
the ground of variance, and moved that it be excluded, but
the court overruled the objection and denied the motion.
The action of the court in this regard is assigned as error.

The declaration contains no averment of a request by
plaintiff and a promise by defendant to repair or remedy
the defect, and it is insisted that proof of such request and
promise constituted a variance, and was, therefore, im-
properly admitted.

A variance has been defined to be a substantial departure
from the issue, in the evidence adduced, and it must be in
some matter which, in point of law, is essential to the
charge or claim. Wheeler v. Reed, 36. Ill. 81. The vari-
ance alleged in this case is not that the proof constituted
a departure in substance from an express averment in the
declaration, but that the evidence offered, tended to estab-
lish a substantive ground of recovery, not averred in the
declaration. Proof of more than is alleged does not con-
stitute a variance unless contradictory of the allegations.
To constitute a variance under the declaration in this case,
we think the evidence should have tended to prove a dif-
ferent cause of action than that averred, or a substantive
ground of recovery, not within the issue.

It has been held that additional counts filed more than
two years after the injury, which allege the same trans-

action, the same injury and the same negligence as the original counts, with an additional allegation of a promise by defendant to obviate the danger and plaintiff's reliance thereon, are not barred by the Statute of Limitations; that the allegation of a promise by defendant to obviate the danger affected only the question of the contributory negligence of the plaintiff in remaining after knowledge of the danger. I. C. R. R. Co. v. Weiland, 179 Ill. 609, and cases cited. If such allegation refers only to the question of the contributory negligence of the plaintiff, proof of a promise to repair, where it is not alleged, would seem to be within the issue, where the declaration, as in this case, avers that the plaintiff was in the exercise of due care for his own safety.

The plaintiff having knowledge of the defect and danger, a recovery upon proof of the negligence averred in the declaration was barred by his assumption of the risk, of which bar he could only be relieved by proof of a promise to repair or of an express direction to operate the jointer in its dangerous condition, and by the further proof that the danger of operating it, relying on such promise or in obedience to such direction, was not so great that a reasonably prudent person would not have encountered it. Upon the authority of I. C. R. R. Co. v. Weiland, *supra*, the question as to whether plaintiff was justified in encountering the danger, was one of contributory negligence and therefore within the issue under the averment of the declaration that he was in the exercise of due care. A promise to repair operates to negative the presumption which would otherwise obtain, that the plaintiff in consideration of his hire assumed the danger of the hazard or that he was guilty of such contributory negligence in remaining exposed to it as would of necessity bar a recovery. The burden being on plaintiff to show that the risk was not assumed, he could only do so, in this case, by showing a promise to repair or an express direction to operate the dangerous machine, and having shown one or the other, his right of recovery depended upon the determination of the

issue of due care.   We are disposed to hold, therefore, that the evidence was competent for the purpose of showing that plaintiff did not assume the risk, and under the issue of due care.   In Henrietta Coal Co. v. Campbell, 211 Ill. 216, it is held, that proof of a specific order or direction to do the work is competent under the allegation of a dec laration that plaintiff was in the exercise of due care for his own safety.

It is urged that the first instruction given at the request of plaintiff is erroneous, in that it excluded the defense of assumed risk.   The same objection was urged to a similar instruction in City of La Salle v. Kostka, 190 Ill. 130, and the instruction was approved.

The force of the testimony of the plaintiff above quoted, as to his knowledge and appreciation of the danger in-volved in operating the jointer without a guard, is not appreciably minimized by any other evidence in the record. It seems apparent to us, upon a careful examination of the record, that the operation of the jointer without a guard, was obviously attended with such great danger, that no reasonably prudent person, having plaintiff's knowledge and experience, would have undertaken it.   The evidence shows that a person operating the jointer was obliged, in the absence of a guard, to keep his left hand on the face of the board being jointed, within an inch of the exposed knives revolving at the rate of 3,500 revolutions per minute, and to exert considerable pressure on the board to keep it in an upright position against the guide.

Plaintiff, in his testimony, characterized the jointer as so dangerous that it was almost impossible for a man not to get hurt while operating it.   The only danger directly in-volved was that the hand of the operator would, in some manner, be brought into contact with the rapidly revolving knives and injured, and this danger plaintiff seems to have fully realized and anticipated.

We are constrained to the conclusion that the verdict of the jury is also against the clear preponderance of the evi-dence, upon the issue as to whether, notwithstanding a

promise to remedy the defect or an express direction to operate the jointer, the danger was so obvious that no reasonably prudent person would have undertaken to operate it without a guard, and for this reason, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*