## United States Sugar Refinery v. William H. Welcher.

### Gen. No. 11,988.

1. ASSUMED RISK—*when doctrine of, applies to servant remaining in dangerous place of employment.* A promise by the master to remove a servant to a safer place of employment, if he will continue at the place of employment complained of for a short period of time, does not relieve the servant of the application of the doctrine of assumed risk.

Action on the case for personal injuries. Appeal from the Superior Court of Cook County; the Hon. WILLARD M. McEWEN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1904. Reversed and remanded. Opinion filed November 14, 1905. Rehearing denied November 28, 1905.

**Statement by the Court.** This is an appeal from a judgment of the Superior Court in an action on the case brought by appellee against appellant and the National Starch Company to recover damages for an injury sustained by appellee on August 10, 1900, while working in appellant's refinery at Waukegan, Illinois. The jury returned a verdict in favor of appellee for $15,000. On the motion for a new trial, appellee remitted $5,000, and judgment was rendered against appellant for $10,000. During the trial appellee dismissed as to the National Starch Company and amended his declaration accordingly and in other particulars.

The declaration consisted of two counts. The first count, after describing the roller, prongs and hopper and the manner appellee performed his work in cleaning the starch off the roller and sides of the hopper, avers that:

"Said work exposed the operator to great danger of becoming caught by the spikes of said roller and seriously injured, as a result of which plaintiff alleges that said machine in its said condition was not reasonably safe for the purpose for which it was provided and used, and which fact was known to defendants, but could have been made reasonably safe, in other ways, by making the side of the hopper next to said roller adjustable, so that space between it and the said roller could be cleaned without requiring the operator to extend his hand over and push a paddle or

stick down between the said roller and said hopper, which change or other changes to accomplish the same purpose plaintiff alleges could have been made in said hopper at slight expense and without interfering with the practical working of the machine or work it was required to perform; by means of the premises it was the duty of defendants to make said change or otherwise make it reasonably safe for the operator to work with, which defendants negligently failed to do."

The second count avers the negligence complained of as follows:

"A short time before the injury plaintiff objected and protested to the foreman against continuing to work with said machine because of the great danger to which it exposed him, and thereupon defendant's foreman promised plaintiff that if he would continue to work with said machine a short time he would take him away from the machine and put him at other work of a less dangerous character; that plaintiff, relying upon said promise, continued to work with the machine until injured, which was within such short time after said promise was made that plaintiff believed, and was justified in believing, that said promise would be fulfilled."

The evidence tended to show that in appellant's refinery, where the plaintiff worked, was an upright wooden hopper, in the bottom of which was a roller or breaker, having prongs projecting about three inches. The prongs were five-eights of an inch in diameter, blunt at the end, and were one and one-half inches apart. The roller or breaker revolved about sixty or seventy times a minute. The hopper rested on a table about three feet high. There was a space of about two inches between the bottom of the hopper and the table. From the front or north side of the hopper to the roller was a space of fourteen inches, and there was about one inch space between the roller and the south side of the hopper. On the north or front side of the hopper, where appellee worked, there was a screen door about two feet square. It opened upward and outward on hinges at its top. The bottom of the door, when lifted up, was fastened above so as to hold it open. It was opened, raised and fastened above so as to permit appellee to reach inside

the hopper and clean the starch off the roller, prongs and hopper. This was done with a paddle while the roller was in motion.

On the floors above the starch was separated from the glucose, leaving the starch usually in large chunks which were broken into pieces about the size of two fists, when it was of sufficient firmness to break into pieces. It was then conveyed on a wide belt running in a groove to the top of the hopper, where it was dumped into the hopper and fell down upon the revolving breaker by which it was again broken into smaller pieces preparatory to being dried out. It was appellee's duty among other things to clean the sticking starch off the breaker and hopper. He had been at this work about three months altogether at the time of the accident. He was on the night shift, and for a few nights prior to the accident the starch which passed through the hopper was wet and slimy, and became gradually wetter and more sticky up to the time of the accident, so that appellee was compelled to clean out the hopper every five or ten minutes. In cleaning the hopper appellee had to stand alongside of the table, lean over the table, put his arm into the hopper and reach about two feet, to and over the breaker, and shove a long scraper, which the foreman furnished him, down between the breaker and the back of the hopper. While doing this his hand was caught by the teeth of the breaker and his arm was so crushed and injured that it became necessary to amputate it.

There was evidence tending to show that a few days prior to the accident the plaintiff, appellee, objected to doing this work on account of its danger; and that on the night of the accident he again objected to doing the work and told the foreman he would quit unless he would give him other work. Thereupon the foreman told him to continue the work and he would give him other work as soon as he could.

Charles E. Pain and Frank M. Cox, for appellant.

James C. McShane, for appellee.

United States Sugar Refinery v. Welcher.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

Under the evidence in this case it was a question of fact whether appellee assumed the risk of whatever danger there was in the work which he was doing at the time of the injury. It was also a question of fact for the jury as to whether appellee was guilty or not of concurrent or contributory negligence.

Appellant requested the court to give the following instruction:

' "2. The law is that if the employe, knowing the hazards of his employment as the business of his employer is conducted, is injured while engaged therein, he cannot maintain an action against the employer for the injury merely on the ground that there was a safer mode in which the business might have been conducted, the adaptation of which would have prevented the injury, and in this case if you believe from all the evidence the plaintiff's employment while operating the machine described in the declaration, as defendant's business was conducted, was dangerous, and that plaintiff knew of the hazard, and (continued his work) without any promise by the defendant to remove or lessen the hazard, then you should find the defendant not guilty."

The court refused to give said instruction as requested, but modified the same by inserting after the words: "defendant to remove or lessen the hazard," the words: "or to remove the plaintiff therefrom to a safer employment, provided plaintiff would remain at work for a short time at such machine, or if he continued to work at such machine after the time for the fulfillment of such promise had expired (if you find from the evidence there was such a promise)," and then marked the instruction "Given" and gave the instruction so modified to the jury.

Appellant also requested the court to give the following instruction:

"3. The employe assumes the risk of usual, ordinary and known dangers, and such dangers as are so obvious that knowledge of their existence is fairly to be presumed; and if you believe from all the evidence plaintiff was in-

jured by a danger he knew of, or dangers that were so obvious that from all the facts and circumstances proven, you can fairly say he knew of and understood, and that he continued his work without any promise being made him by the defendant to lessen or remove the danger, then you should find the defendant not guilty."

The court refused to give this instruction as requested, but modified it by inserting after the words: "defendant to lessen or remove the danger," the words: "or to remove the plaintiff therefrom to a safer employment, provided he would remain at work for a short time at such place of alleged danger, or if he continues such work after the time for the fulfillment of such promise had expired (if you find from the evidence there was such a promise)," and then marked said instruction "Given" and gave the instruction so modified to the jury.

Appellant also requested the court to give to the jury the following instruction:

"4.    Under the law an employe has a right to assume that an employer has discharged his duty in using reasonable care to furnish him with a reasonably safe place to work; but the employe cannot assume such fact against his own knowledge that the place that he is working in and the manner of doing the work is not reasonably safe; and in this case if you believe from all the evidence that the defendant was negligent in this regard, yet if you further believe from all the evidence that plaintiff at and before the time of the accident knew of the defendant's failure in this regard, then the plaintiff had no right to assume that defendant had performed its duty in regard to furnishing plaintiff a reasonably safe place to work.    And if you further believe from all the evidence that plaintiff was injured because of the failure of defendant to exercise reasonable care in furnishing plaintiff a reasonably safe place to work, and that plaintiff knew of defendant's failure in this regard, and continued his employment without any promise being made by defendant to lessen or remove the danger, and that plaintiff was injured because of such negligence, then plaintiff cannot recover and you should find the defendant not guilty."

But the court modified the instruction as tendered by inserting after the words, "defendant to lessen or remove

the danger," the words: "or to remove the plaintiff therefrom to a safer employment, provided plaintiff would remain at work for a short time at the place alleged to be unsafe, or if he continued to work therein after the time for the fulfillment of such a promise had expired (if you find from the evidence there was such a promise)," and then marked the instruction as so modified " Given " and gave the instruction to the jury as modified.

We are not aware of any authority for the proposition involved in the modifications made by the court to the instructions. A promise to repair by the master when a defect is called to his attention by a servant is one thing. But a promise by the master to the servant to remove him to a safer employment, provided he would remain at work for a short time at the place of alleged danger, is quite another thing. Counsel for appellee has cited many authorities upon the effect of a promise by the master to repair, but he has cited to us no case upon the promise of the master to remove the servant to a safer employment, unless it be I. C. R. R. Co. v. Weiland, 67 Ill. App. 332. What was there said in regard to the promise of the yardmaster and its effect upon the question of the assumption of risk by the plaintiff, appellee, was not necessary to a decision of the case; for the Supreme Court in disposing of the case did not deem it necessary to hold that the promise to remove the plaintiff to a safer employment, as a matter of law, relieved the plaintiff from any assumption of the special risk of the dangers of which he was complaining. I. C. R. R. Co. v. Weiland, 179 Ill. 609.

The modifications of the second, third and fourth instructions were, we think, erroneous and misleading, and for that reason the judgment must be reversed.

*Reversed and remanded.*