## Inter-State Independent Telephone & Telegraph Company v. Peter Liberty.

### Gen. No. 4,668.

1. DECLARATION—*when argumentative allegations of, cannot be complained of.* A declaration which has not been demurred to and as to which no question has been raised by motion in arrest, cannot be objected to as insufficient if it contains the essential allegations argumentatively pleaded.

Action in case for personal injuries. Appeal from the Circuit Court of Will county; the Hon. ALBERT O. MARSHALL, Judge, pre-

siding. Heard in this court at the April term, 1906. Affirmed. Opinion filed October 16, 1906.

Donahoe, McNaughton & McKeown, for appellant.

J. W. D'Arcy, for appellee.

Mr. Justice Willis delivered the opinion of the court.

In the month of March, 1904, a farmer, Cleo Ketchum by name, living in the township of Channahon, Will county, had in his residence a telephone of appellant company. The residence of this farmer was on the west of a north and south road and the lines of the telephone company were strung along the east side of this road. Opposite the Ketchum home the telephone wire was strung from the main line of the telephone company across the road through a maple tree standing on the west side of the highway and thence to the building occupied by Ketchum. This telephone had been in about a month when Ketchum ordered it out and a telephone of the Chicago Telephone Company installed in its place. The appellant removed its telephone on or about April 1, 1904, but left the wire still attached to the Ketchum home. Soon after this a gang of men working for the Chicago Telephone Company installed the Chicago telephone in the residence of Mr. Ketchum, and at his request one of these men cut the Inter-State wire from the house and fastened it to a post in the yard and left it so attached to the post and running thence through the maple tree and back to the main line of appellant. The wire remained in that condition with more or less sagging down over the highway till the 24th day of June, 1904, when the plaintiff, a minor sixteen years of age, riding on horseback along this highway just as it was getting dark, passed under the sagging wire, was caught under the chin by the wire and thrown from his horse and injured.

116    APPELLATE COURTS OF ILLINOIS.

VOL. 129.] Inter-State Ind. Telephone & Telegraph Co. v. Liberty.

The declaration in this case consists of three counts and charges generally the negligence of appellant and the Chicago Telephone Company in maintaining their wires and allowing them to be at an unsafe distance above the highway; and charges generally the injuries which the plaintiff suffered by reason of the negligence of said corporation in allowing their wires to be suspended along a public highway at an unsafe distance above the traveled road. Each company filed the general issue, and the case was submitted to a jury, which returned a verdict against the two corporations for $325.

Motions for a new trial were made by the several defendants; the motion of the Chicago Telephone Company was granted, the motion of appellant was denied, and a judgment was entered on the verdict after denying a motion in arrest of judgment. Appellant brings the case to this court on appeal from said judgment and assigns numerous errors, but we will only discuss those assignments which are relied upon in the argument.

It is urged by the appellant that notice of the condition of the wire in question was not brought home to appellant. There was considerable evidence before the jury showing that this wire belonging to appellant had remained across the public highway from the last part of March or the fore part of April, 1904, until the time of the accident. There could be no necessity for allowing this line to remain across the highway after the telephone was taken out, and we think it was incumbent on appellant to know the condition of its wires and not to allow needless wires to be suspended over the traveled highway. The evidence further discloses that from the time this telephone was taken out up until the time of the accident this wire gradually sagged until it had reached a dangerous position relative to the highway. Several witnesses testified that just prior to the accident the wire was so near the ground

that there was danger of buggies striking it, and in one instance a party traveling along the highway lowered the top of his buggy so that it might not be caught by this suspended wire. We think that the length of time which the company allowed this wire to remain across the highway in its sagging condition was sufficient to charge the company with constructive notice of its dangerous condition.

The appellant next urges that the injuries to the plaintiff were fictitious, and if in fact he was injured that the injury was caused by a horse kicking him on the day prior to the accident. There was ample evidence to warrant the submission of the case to the jury, both as to the extent and the cause of his injuries.

Appellant also urges that the second count of the declaration is bad in that it fails to charge any negligence against the appellant and that the trial court erred in refusing an instruction offered by appellant that the jury should find appellant not guilty under this count. This count does not aver in so many words that it was negligence of the appellant that caused the injury to the plaintiff, but does argumentatively so state; it alleges that the wire of the appellant was cut on or about the 17th day of May, A. D. 1904, and remained suspended across the highway in an unsafe condition until about June 2nd, when it had sagged down to within ten feet of the surface of the roadway and that it continued to sag until the 24th day of June, 1904, when the appellee was injured while in the exercise of reasonable care. No demurrer was interposed to this count.

In Chicago, Burlington & Quincy Railroad Co. v. Warner, 108 Ill. 538, it was held that where the declaration would be sufficient after the verdict, as where there was a failure to aver that the plaintiff had no notice of the defective construction of the car, and the defendant did not demur, but on the trial moved to exclude

118 Appellate Courts of Illinois.

Vol. 129.] Inter-State Ind. Telephone & Telegraph Co. v. Liberty.

the evidence because of the insufficiency of the declaration, there was no error in overruling the motion.

In Consolidated Coal Company v. Scheiber, 167 Ill. 539, the court says: "The ruling of the court in refusing to give the instructions in question was not a decision, as contended by counsel, that the counts of the declaration to which the instructions severally applied were faultless, but only that they were sufficient, after issue joined and in view of the evidence then before the court and jury, to support a verdict and judgment for the plaintiff. Any other construction of the statute would give an undue advantage to the defendant by permitting him, after waiving the apparent insufficiency of the declaration by taking issue and denying the truth of its allegations, and after, perhaps, a protracted trial of controverted facts upon such issue, to attempt for the first time to take advantage of a mere defect in the pleading of his adversary. The rule at common law was, that although there were good counts in the declaration, yet if there were one bad count the judgment would be arrested. But that rule applied only where such bad count was insufficient to support the judgment, and not 'where it would have been held merely defective in stating the cause of action. Our statute has so far changed that rule that where there is an entire verdict on several counts it shall not be set aside or reversed because the declaration contains a defective count, if there be one or more counts sufficient to sustain the verdict. So it is plain, we think, that the faulty counts which the statute authorizes the court to instruct the jury to disregard, are such only as would be insufficient to sustain the judgment after verdict."

In Barry v. Mackey, 66 Ill. 164, the court says: "No demurrer was interposed to the declaration in this case, and as two counts of the declaration are good they support the verdict."

No question has been raised in this record as to the

sufficiency of the first and third counts, and we think the objections of appellant are without force, and that there is no reason for disturbing the action of the trial court.

The judgment of the lower court is affirmed.

*Affirmed.*