## Olaf Olson, Appellee, v. Kelly Coal Company, Appellant.

1. APPEALS AND ERRORS—*one good count sufficient to sustain judgment.* The action of the court in refusing to withdraw particular counts from the jury is not error, even though such counts are insufficient to sustain a judgment. A judgment will be sustained if there is one good count to support it.

2. MINES AND MINERS ACT—*section 19 construed.* The words "all conditions" contained in section 18 of the Mines and Miners Act do not refer merely to such dangerous conditions as the report of the mine examiner may show to be such.

Action in case for personal injuries. Appeal from the Circuit Court of Vermilion county; the Hon. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the November term, 1907. Affirmed. Opinion filed April 21, 1908.

BUCKINGHAM & TROUP, for appellant.

W. T. GUNN and S. M. CLARK, for appellee.

Mr. Justice Ramsay delivered the opinion of the court.

Olaf Olson brought suit in the Circuit Court of Vermilion county against the Kelly Coal Company to recover damages for an injury alleged to have been sustained by him through the negligence of the company in allowing Olson to enter the company's mine to work therein, but under the direction of the mine manager, while the conditions therein were unsafe. There was a verdict in favor of Olson in the sum of $3,000, upon which the court rendered judgment. This appeal followed.

The case was tried upon three additional counts, all original counts having been dismissed. The three additional counts are, for convenience, designated counts A, B, and C.

Count "A" is based upon an alleged breach of duty upon the part of appellant, as fixed by section 18 of chapter 93 of the Revised Statutes, which provides that "No one shall be allowed    *    *    *    to enter the mine to work therein, except under the direction of the mine manager, until all conditions shall have been made safe."

Count "B" was a common law count and alleged that appellant furnished appellee, who was a mule driver in the mine, a dangerous, balky and unsafe mule to drive, knowing the same to be such and that such unsafe mule was the cause of appellee's injuries.

Count "C" was also a common law count and alleged that appellant had not furnished appellee a reasonably safe place in which to work and that appellant knew of such unsafe condition and that appellee was injured by reason of such dangerous condition, etc.

Appellant first contends that it was error upon the part of the trial court not to withdraw counts "B" and "C" from the consideration of the jury for the reason that as the liability against appellant in said counts "B" and "C" was alleged upon common law grounds alone, no recovery could be had on either of

those counts without an affirmative showing that appellant knew of the conditions alleged to be dangerous, prior to and at the time of the injury to appellee. We are aware that there is eminent authority (Wilmington Mining Co. v. Fulton, 205 U. S. 60) supporting appellant's views upon this contention, but the rule seems to be well settled in our state that even if this be error, as contended by appellant, it would not be a reversible one, if one good count remained in the declaration upon which a judgment could be sustained. In I. C. R. R. Co. v. Weiland, 179 Ill. 609, it was held that the refusal of the trial court to instruct the jury to disregard counts because there was no sufficient evidence to sustain a judgment thereon was not such an error as would operate to reverse a judgment when there was one or more counts, other than the ones complained of, upon which judgment could be sustained. The same doctrine was held in Consolidated Coal Co. v. Scheiber, 167 Ill. 539, and in C. W. & V. Coal Co. v. Moran, 110 Ill. App. 664.

In the case at bar the evidence tends to show that appellee was employed in appellant's mine as a mule driver; that in the discharge of his duties appellee drove a mule hitched to cars which ran on a track provided for that purpose in the entry of the mine; that the entry was about eight feet wide and the track within about one foot of the wall on what is called the rib side, which left a space on the other side of the track of between three and four feet, outside of the track, known as the "gob" side; that it was the custom in that mine to use only collars, hames and traces on the mules in hitching them to the cars, or tail chains, and to drive the mules without lines; that the driver would stand with one foot on the bumper of the car and the other one on the chain; that in going down a decline the car was held back by the driver placing one hand on the car and the other on the mule and bracing himself to keep the car back from the mule.

The evidence further tends to show that at the time of the accident there had accumulated in the entry where appellee was injured on the "gob" side of the track, quite an amount of refuse, consisting of timber, ties, dirt, coal and other material that had fallen from the roof of the mine or rolled off the car, which "gob," as it is called, was allowed to accumulate to a height of from eighteen inches to three feet and remain so close to the track that it would rub the coal cars as they passed; that at the time of the injury appellee was in the position indicated, driving down a slight decline, with a trip of cars, when one of the cars caught on the "gob" that had been so allowed to accumulate close to the track, which caused the mule to make a sharp pull or jerk to release the car; that when the car was released from the gob it ran upon the mule and appellee was crowded off the car on the rib side and caught between the car and the rib side of the entry, in a space only six or eight inches from car to rib, where he suffered the injury complained of.

The evidence further shows that the mine examiner had examined the mine the night before appellee's injury, had passed along this entry and did not find or consider, or report, the place dangerous or unsafe.

Appellant seeks to excuse itself from liability upon the ground that only those conditions are contemplated by said section 18, hereinbefore quoted, which have been found to be dangerous by the mine examiner and by him reported as such to the mine manager. In other words, while the statute expressly provides that no one shall be allowed to enter a mine to work therein until all conditions have been made safe, unless he does so under the direction of the mine manager, yet the words "all conditions" mean only such dangerous conditions as the report of the mine examiner may show to be such. This, in our judgment, is not a correct interpretation of the statute. The act as adopted was enacted for the purpose of providing for the health and safety of persons employed in mines, and

to permit a person to enter a mine where there are dangers obvious and as apparent as the one in question would seem to have been, is clearly contrary to the spirit of the statute, although the mine examiner may have failed to report them as such. If appellant's contention upon this feature of the case be correct then an operator or owner of a mine would not be liable for an injury resulting from a dangerous condition in the mine, of which he had actual or personal knowledge, unless the mine examiner had previously reported to him that such dangerous condition did in fact exist.

There was evidence tending strongly to show that the "gob" in the entry at the place where appellee was injured was an obvious danger or menace to those in charge of passing cars; that it had existed for a considerable time prior to the day of the accident and was one which appellant should have known of and removed prior to the injury to appellee. It was a condition which said section 18 peremptorily required should have been remedied before appellee was permitted to enter the mine to work there and the examiner's failure to so report it was no excuse for appellant's failure to make it safe.

Appellant next contends that the verdict is not supported by the evidence, but a review of the testimony as abstracted satisfies us that the jury were not unwarranted in finding that the condition complained of by appellee was unsafe and dangerous and was the cause of the injury to appellee.

There is no reversible error in this record and the judgment is affirmed.

*Affirmed.*