### The Peoria and Pekin Union Railway Company

*v.*

### John Clayberg, Admr.

*Filed at Ottawa November 20, 1883.*

1. Evidence—*proof of negligence, by other acts at different times.* On the trial of an action brought by an administrator against a railway company, to recover for the defendant's negligence causing the death of the intestate, the defendant, in order to show that the deceased was not observing due care at the time he was killed, asked a witness to state if he ever saw the deceased get on, or attempt to get on, trains, and counsel stated that he expected to prove by this and another witness that the deceased was in the

habit of jumping on trains: *Held*, that the evidence sought and proposed was inadmissible, as its effect was clearly to raise a collateral and immaterial issue.

2. Same—*circumstantial evidence.* If facts and circumstances are proved which lead the mind with certainty to the conclusion that other facts and circumstances are true, such latter facts and circumstances may be accepted and acted upon by the jury, and it is not erroneous to so instruct them.

3. Negligence—*duty of railroad at street crossing—comparative negligence.* In an action against a railway company to recover damages for negligence resulting in the death of plaintiff's intestate, who was struck by a moving car at a street crossing, the court instructed the jury that if they believed, from the evidence, that the crossing of the defendant's railroad on the street was used by persons passing frequently between the hours of six and seven o'clock A. M. and P. M., and that the defendant knew it, and that defendant's servants and employés were switching and moving cars on said crossing between said hours, at a time when it was dark, by pushing them across said street, then it was the duty of the defendant to take some means to warn the persons passing, or to prevent accident to them, and if the defendant did not do so, it was guilty of negligence; and if such negligence was the cause, or principal cause, of the death of the intestate, and if the jury also believe, from the evidence, that the intestate was not guilty of negligence which contributed to the injury, they should find a verdict of guilty: *Held*, that there was no error in the instruction to the prejudice of the defendant, and that it stated the rule as to comparative negligence more favorably to the defendant than it was entitled to have it laid down.

4. Instruction—*need not embrace matters merely suppletory in their character.* It is no objection to an instruction, in an action to recover for negligence, that it fails to define what might or might not constitute negligence under certain claimed theories of proof, where no fundamental principle or indispensable condition to a recovery is omitted. Neither is it error in such an instruction to omit matters merely suppletory in their character, which might properly be presented in a separate instruction.

5. Same—*whether it singles out and gives undue prominence to a single fact.* In a case involving the comparative negligence of the parties, an instruction stating that the omission to do certain acts by the defendant was culpable negligence, and if the injury was the result of such negligence, and that the party injured was not guilty of negligence contributing to the injury, the jury should find the defendant guilty, is not subject to the objection that it singles out and gives undue prominence to the question of the omission to perform the acts.

6. Same—*of the use of the word "culpable," as applied to negligence.* In an action to recover damages growing out of alleged negligence, the court instructed the jury that certain omissions on the part of the defendant, if found from the evidence, were "culpable" negligence: *Held*, no error, as the word "culpable" was used in the sense of "blamable."

Appeal from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Peoria county; the Hon. David McCulloch, Judge, presiding.

Messrs. Stevens, Lee & Horton, for the appellant:

Plaintiff's second instruction, while it charges that the company was bound to take some means to warn passers over the street, fails to state the duties which the law required of the passers. It was a common highway, and the law required both to use reasonable and prudential precautions to avoid accident and danger. *Chicago and Northwestern Ry. Co.* v. *Hatch*, 79 Ill. 137.

The fourth instruction was wrong for several reasons. First, it singled out and gave undue prominence as to the question of the omission to ring a bell or sound a whistle when the train started, as constituting negligence. It has been held repeatedly, that an instruction which singles out and gives undue prominence to certain facts, ignoring other facts proved, and of equal importance to a proper determination of the case, is erroneous. *Lake Shore and Michigan Southern R. R. Co.* v. *Berlink*, 2 Bradw. 434; *Calef* v. *Thomas*, 81 Ill. 478; *Homes* v. *Hale*, 71 id. 552; *Hewett* v. *Johnson*, 72 id. 513; *Evans* v. *George*, 80 id. 51; *Anderson* v. *Warner*, 5 Bradw. 417.

It was also faulty in telling the jury not only what constituted culpable negligence, but in the use of the word "culpable," and in not instructing them as to any care observed in crossing the street by the employés, notwithstanding the omission to ring the bell or blow the whistle when the train was started. Our courts have never held that the omission to ring the bell or blow the whistle was "culpable negligence." Negligence is a question of fact for the jury, and not a question of law. *Chicago and Alton R. R. Co.* v. *Pennell*, 94 Ill. 448.

Mr. H. W. WELLS, for the appellee:

It is contended that the deceased was a trespasser; that he was on the company's private ground without license, and that the killing was not malicious, and the company is not liable.   The case of *Lake Erie and Western Ry. Co.* v. *Zoffinger*, 10 Bradw. 252, cited to support this position, does not apply.   In that case the injured party abandoned the highway and went on the defendant's right of way for his own convenience only, while in this, if the deceased went on the company's ground, it was in an attempt to pass a car left obstructing the highway, in which endeavor he stepped into a hole between the ties, which threw him down, and he was run over.

Where one makes an excavation on his own ground, so near the highway as to endanger the safety of those passing along the street in the exercise of proper care, and leaves the same unguarded, by fence or other protection against accident, he is liable.   Wood on Nuisance, page 262, sec. 273; *Burge* v. *Gardiner*, 19 Conn. 507; *Vale* v. *Bliss et al.* 50 Barb. 358; *Bird* v. *Holbrook*, 4 Bing. 628.

Where there is no direct evidence that the negligence of the defendant occasioned the injury, the facts and circumstances, which the Supreme Court in several cases hold to be of sufficient proof, (*Illinois Central R. R. Co.* v. *Cragin*, 71 Ill. 177, *Chicago, Burlington and Quincy R. R. Co.* v. *Van Patten*, 64 id. 510, and *Chicago, Burlington and Quincy R. R. Co.* v. *Lee*, 68 id. 577,) were in this case ample to satisfy the mind that the injury was due to the defendant's neglect.

It is gross negligence to run a train without a brakeman, over a public highway.   *Chicago and Alton R. R. Co.* v. *Sullivan*, 63 Ill. 293.

Running a dark train through a village is greater negligence than walking on the track.   In this case the rear of the train,—the end away from the engine,—was perfectly

dark and this dark end pushed across this most dangerous, crossing. *Indianapolis and St. Louis R. R. Co.* v. *Galbreath,* 63 Ill. 436.

The law is settled beyond doubt that at a railroad crossing each party owes the other a duty to use all proper care to avoid accident. In a city like Peoria, at a crossing like that described, the railroad company must use the highest care to insure the public safety. *Toledo, Wabash and Western Ry. Co.* v. *Miller,* 76 Ill. 278; *Chicago, Burlington and Quincy R. R. Co.* v. *Stumps,* 69 id. 409.

Mr. Justice Scholfield delivered the opinion of the Court:

Action on the case, for negligence resulting in the death of the plaintiff's intestate. Verdict of jury, and judgment of court thereon for plaintiff. Appeal to Appellate Court for Second District, and judgment of that court affirming the judgment of the circuit court, and appeal from that judgment to this court.

The judgment of the Appellate Court relieving us of all questions of fact, we are only to look into the alleged errors of law. The intestate, an errand boy, on his way home at the close of the day's labors, a little after dark, was struck while on a street, or on a cattle-guard by the side of a street, at a point where numerous railroad-tracks and switches cross such street, by a moving car of defendant, and instantly killed. To show that the intestate was not observing due care at the time he received the fatal stroke from the car, the defendant, by its counsel, propounded to one of its witnesses the following question: "You may state whether or not you ever saw Fred (the deceased) get on, or attempt to get on, trains?" But, on objection, the court refused to permit the witness to answer the question. The counsel for the defendant then stated they proposed to prove by the witness under examination, and another witness named, that the deceased was in the habit of jumping on trains, but the court

ruled that the evidence was inadmissible. No authority is referred to sanctioning the admission of such evidence, and we are not aware of any. Its effect is clearly to raise a collateral and immaterial issue. If such evidence is admissible to prove negligence on the part of the plaintiff's intestate, then the same character of evidence must be admissible to prove negligence on the part of the defendant, which has been condemned by the entire weight of judicial authority. *In re Baltimore and Susquehanna R. R. Co.* v. *Woodruff*, 4 Md. 242; *Aldrich* v. *Pelham*, 1 Gray, 510; *Kidder* v. *Dunstable*, 11 id. 342; *Collins* v. *Dorchester*, 6 Cush. 396; *Gahahan* v. *B. and L. R. R. Co.* 1 Allen, 187; *Hubbard* v. *A. and K. R. R. Co.* 39 Maine, 506; *Parker* v. *Portland Publishing Co.* 69 id. 173. We think the proposed evidence was properly excluded.

The second instruction, given at the instance of the plaintiff, is as follows:

"If the jury believe, from the evidence, that the crossing of the defendant's railroad on Sanger street was used by passers frequently between the hours of six and seven A. M. and P. M., and that the defendant knew it, and if they further believe that the defendant's servants and employés were switching and moving cars on said crossing between said hours, at a time when it was dark, by pushing them across said street, then it was the duty of the defendant to take some means to warn the passers, or to prevent accident to passers, and if the defendant did not do so, the defendant was guilty of negligence; and if such negligence was the cause, or the principal cause, of the death of Fred Clark, and if the jury also believe, from the evidence, that Fred Clark was not guilty of negligence which contributed to the injury, then the jury should find a verdict of guilty."

Counsel for defendant insist this is erroneous, because "while it charges the jury that the company was bound to

take some means to warn passers over the street, it fails to state the duties which the law required of the passers." It does, however, imply that the intestate, in order that there be a recovery, should not have been guilty of negligence which contributed to the injury,—which is stating the law more favorably for the defendant than, under the doctrine of comparative negligence recognized by this court, it is entitled to have it laid down. But there is no error in the instruction to the prejudice of the defendant,—no omission of any fundamental principle which it was entitled to have stated as an indispensable condition to a recovery. That definitions of what might or might not constitute negligence under claimed theories of proof, are not given, is unimportant. That which it is claimed is here omitted is suppletory in its character, and, if deemed necessary by the defendant, it should have presented it in a separate instruction.

An objection is urged to the third of the instructions given at the instance of the plaintiff, upon the ground that it assumes there were facts and circumstances shown, outside of the testimony of witnesses, competent for the consideration of the jury. This is not a fair construction of the instruction. It merely states, in effect, the law as applicable to circumstantial evidence, namely: If facts and circumstances are proved which lead the mind with certainty to the conclusion that other facts and circumstances are true, those facts and circumstances may be accepted and acted upon by the jury as true. 1 Greenleaf on Evidence, (7th ed.) sec. 13, *et seq.*; Best on Evidence, (1st Am. from 6 Lond. ed.) secs. 27, 294.

The fourth instruction, given at the instance of the plaintiff, is as follows:

"If the jury believe, from the evidence, that defendant started a train in the city of Peoria without ringing a bell or sounding a whistle, and if they further believe, from the evi-

dence, that Fred Clark was attempting to cross the defendant's track on which said train was so started, and that by reason of there being no bell rung or whistle sounded, such train or car of that train struck Fred Clark while so attempting to cross said track, then the defendant was guilty of culpable negligence; and if you further believe, from the evidence, that the death of said Clark was the result of such negligence on the part of defendant, and that said Clark was not guilty of negligence contributing to the injury, then you should find the defendant guilty."

Two objections are urged against this instruction by counsel for the defendant: First, it singles out and gives undue prominence to the question of the omission to ring the bell or sound the whistle; and second, in stating what constituted culpable negligence, and also in the use of the word "culpable." This instruction does not ignore the question of the contributory negligence of the intestate, but, as in the second instruction, by necessary implication states the rule in regard to his negligence more strongly against the plaintiff than our view of the law requires. The word "culpable" is not objectionable in the sense in which it is here used,—that of "blamable." If the defendant was negligent, as contemplated, then it was certainly culpable,—*i. e.*, "blamable." The question of the existence of the facts was left to the jury, and the jury were fully instructed as to the measure of the duty of the plaintiff's intestate, in instructions given at the instance of the defendant.

Some objection was taken, but seems not to be seriously pressed in argument, as to the refusal of the court to give certain instructions asked by the defendant. We perceive no error in that regard for which there should, in our opinion, be a reversal of the judgment.

The judgment is affirmed.

*Judgment affirmed.*