THE WEST CHICAGO STREET RAILROAD COMPANY

*v.*

AUGUST TORPE, Admr.

*Opinion filed October 19, 1900—Rehearing denied December 7, 1900.*

EVIDENCE—*when admission of evidence of custom of stopping street car at certain place is error.* Where the vital point in controversy in an action against a street railway company is whether defendant's train which plaintiff's intestate attempted to board was running slowly or at full speed, upon which point the evidence is contradictory, it is prejudicial error to permit the plaintiff to show, in corroboration of his evidence that the train was running slowly, that defendant was accustomed to stop its trains or run slowly for the purpose of receiving passengers at the place of the accident.

MAGRUDER, J., dissenting.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. HENRY B. WILLIS, Judge, presiding.

JOHN A. ROSE, and LOUIS BOISOT, Jr., (W. W. GURLEY, of counsel,) for appellant.

DOUTHART & BRENDECKE, and VOLLMER & CAMELON, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an action on the case for negligence resulting in the death of appellee's intestate. Verdict of jury and judgment of the court thereon for appellee, appeal to the Appellate Court for the First District, judgment of that court affirming the judgment of the circuit court, and appeal from that judgment to this court.

The declaration consists of two counts. The first count alleges that while the deceased was mounted upon the step of a certain train of cars of the defendant, the defendant's gripman negligently started said train suddenly forward at a great and unlawful rate of speed, so

that the deceased was thrown off and killed. The second count alleges that while the deceased was attempting to mount, and was mounting, the said train of cars, the defendant's gripman negligently started said train suddenly forward at a great and unlawful rate of speed, so that the deceased was thrown off and killed.

The evidence showed that the deceased met his death by being run over by one of the appellant's cable cars about six o'clock P. M., December 17, 1894, on West Madison street, in the city of Chicago, between Rockwell street and Campbell avenue, a short distance east of appellant's power house. West Madison street runs east and west, having on it a double street car track. The car that ran over the deceased was eastward bound, and was the rear trailer of a cable train consisting of a grip car and two trailers. The testimony on behalf of appellee tended to show that the train in question slowed up in order to receive the deceased as a passenger; that thereupon he stepped with one foot upon the lower step of the car, holding onto the car with both hands; that before he could fully mount the car the train suddenly started with a jerk, throwing him off, so that he was dragged under the car feet first, run over and killed. The testimony for appellant tended to show that the deceased attempted to catch hold of the first trailer as it passed him at full speed in the middle of the block, fell head foremost in front of the last trailer and was run over and killed.

On the trial of this case appellee introduced, over appellant's objection, evidence tending to show that appellant had a custom of stopping its cars near the point where appellee's intestate was killed, for the purpose of taking on passengers. Appellant assigns as error the admission of such testimony, and relies solely upon such assignment for a reversal of this case.

The main controversy on the trial in the court below was over the rate of speed at which the train which

passed over the deceased was going at the time he attempted to mount the same. A number of witnesses testified on behalf of appellee that the same was moving very slowly at that time, while a number testify on behalf of appellant that the same was moving very rapidly and at full speed. All agree that it was moving. The rapidity with which such cars were moving at the time the deceased undertook to mount the same was important. To permit the appellee to corroborate the testimony of his witnesses who had testified upon that issue, by proving that at other times the trains of the appellant ran slowly or stopped at this particular point for the purpose of receiving passengers, is, in our judgment, prejudicial error.

The case of *Chicago, Burlington and Quincy Railroad Co.* v. *Lee,* 60 Ill. 501, is an action on the case, wherein the negligence alleged was the failure to ring the bell or sound the whistle as the train approached the crossing where the injury took place. In order to show such failure, evidence was introduced that trains had at other times passed that crossing without ringing a bell. This court held such evidence wrongly admitted, and say (p. 504): "From the fact of omitting to ring the bell at any previous time no reasonable inference could be drawn that it was not rung on the occasion in question." A vital point in issue in that case was whether there was a failure to ring the bell at the time of the injury. The vital point in issue in this case is the rate of speed at which the cars were going at the time the deceased attempted to mount the same. If, as the witnesses for appellant testify, the cars were going at a full rate of speed when the deceased attempted to mount the same, this testimony could not be legitimately overcome by testimony that cars passing this place on the day previous, or at some other time, stopped or ran slowly.

In the case of *Peoria and Pekin Union Railway Co.* v. *Clayberg,* 107 Ill. 644, which was an action on the case

for negligence resulting in the death of the plaintiff's intestate, the defendant sought to show that at the time of the injury the deceased was not observing due care for his own protection, by proving that before that time he was in the habit of jumping on trains. The court held such evidence inadmissible, and say (p. 649): "No authority is referred to sanctioning the admission of such evidence, and we are not aware of any. Its effect is clearly to raise a collateral and immaterial issue. If such evidence is admissible to prove negligence on the part of the plaintiff's intestate, then the same character of evidence must be admissible to prove negligence on the part of the defendant, which has been condemned by the entire weight of judicial authority."

It is contended that such evidence was proper and material to be considered by the jury in determining whether or not, in view of the conflict in the evidence, the particular train of appellant moved slowly or rapidly at the time in question. That was one of the issues being tried. Witnesses who saw the train at the time of the injury had testified with reference thereto. There was a conflict upon that proposition, and we are unable to see how testimony of the manner in which trains were handled at this particular place at other times tended legitimately to show the manner in which the particular train by which the deceased was injured was handled at the time of the injury.

It is further suggested that the testimony is proper as tending to show that appellant was accustomed to slow up or stop its trains at that point, and that there was evidence in the record from which it might be inferred that deceased knew of such custom. If it were admitted that such custom did exist and the deceased knew the same, such facts would not justify the deceased in attempting to mount a cable train running at full speed past said point, even though the same was so run in disregard of such custom.

We are of the opinion that the only effect of this testimony upon the minds of the jury was to lead them to believe that if the trains of appellant were stopped or run slowly at other times at the place where the injury took place, such facts were proof of the rate of speed at which such train was running at the time deceased attempted to mount the same and was killed. We are of the opinion the same was not proper evidence and that the court erred in admitting the same.

The judgments of the Appellate and circuit courts are reversed and the cause is remanded to the circuit court for another trial consistent with this opinion.

*Reversed and remanded.*

Mr. Justice Magruder, dissenting:

I think that the judgment of the Appellate Court ought to be affirmed, and that that court correctly disposed of the questions involved, as will appear from the following extract from its opinion, to-wit:

"The evidence on the question of care on the part of deceased and the negligence of appellant is conflicting. We are of opinion, from a careful reading and consideration of the evidence, in the light of the arguments of counsel, that there was sufficient proof to justify the submission of the case to the jury under the second count of the declaration.

"There is evidence tending to show that deceased signaled the gripman to stop the train at a time and under circumstances when he must have seen the signal; that the train was slackened in its speed, one of the witnesses testifying that it was going very slow, and another that it was coming near a stop and was going very slow, and another that the train was just moving; and that the gripman, just as deceased was in the act of getting upon the step of the car, suddenly and violently started the train forward at a great rate of speed, one of the witnesses testifying that the car gave a lunge ahead just as

deceased went to ·get on,—when he had one foot on the step and had hold of the car with each hand; another witness testifying that upon a quick signal given by the conductor, when the car was going very slow, the car lunged forward; and still another, that as the car came near a standstill deceased took hold of the handle-bar on the front end of the first trailer, the car was then signaled by the conductor to go ahead, when the gripman started the car with such force that the man's foot slipped off the step right around against the side of the car, and also that when the signal was given the car 'lunged right forward and it jerked him off.'

"It is true the evidence on behalf of appellant tends to show that deceased attempted to get upon the moving train while it was going at the rate of seven or eight miles per hour; that he gave no signal to the gripman; that there were signals given by both whistle and bell for the train to move forward, and that the gripman did not see the deceased when he attempted to board the moving train. But these matters were all peculiarly for the consideration of the jury, and we cannot say, after a careful reading and consideration of the evidence, that it shows either that the deceased was guilty of contributory negligence or that it fails to show negligence on the part of appellant's gripman which would justify the verdict of the jury.

"The fact that deceased attempted to board the train while it was moving slowly, as the witnesses for appellee say, does not, as matter of law, show a want of ordinary care. Whether there was such want of ordinary care was for the jury. (*Cicero and Proviso Street Railway Co.* v. *Meixner*, 160 Ill. 320; *North Chicago Street Railroad Co.* v. *Wiswell*, 168 id. 613; *North Chicago Street Railroad Co.* v. *Williams*, 140 id. 275; *Springfield Consolidated Railway Co.* v. *Hoeffner*, 175 id. 634).

"If appellant's gripman slowed up his train, and then when deceased attempted to board it the gripman started

up with a jerk or lunge, as the witnesses testify, and when he knew that deceased was in the act of getting on, it would be negligence for which appellant would be liable. (*Meixner case, supra; West Chicago Street Railroad Co. v. Manning,* 170 Ill. 417; *Hoeffner case, supra*).

· "The evidence which it is claimed the court erred in admitting is of a custom or habit of appellant of stopping its trains at or near the place of the accident. The contention is, that as the evidence did not show that deceased knew of such custom, it was incompetent and prejudicial error. We think this contention is not tenable, and that the evidence was proper and material to be considered by the jury in determining whether or not, in view of the conflict in the evidence, the particular train of appellant moved slowly or rapidly at the time in question; and besides, there was evidence from which it might have been inferred deceased knew of such custom.

"The only other matter of procedure of which complaint is made was as to the admission of the testimony of a witness who testified as to this custom, and admitted, on cross-examination, that he did not know whether or not the cars stopped always or only when they were ahead of time, there being a motion by appellant, after the cross-examination, to strike out the evidence of the witness. We think there was no error in this regard. The evidence tended to prove that there was such custom, if the trains stopped at this place when they were ahead of time.

· "The judgment of the circuit court is affirmed."

In addition to what is said above, it may be observed that the opinion of the majority in this case is in direct conflict with the recently decided case of *North Chicago Street Railroad Co.* v. *Kaspers,* 186 Ill. 246.