Redin v. Alton, Granite & St. Louis Trac. Co., 173 Ill. App. 491.

Sutherland v. Sutherland, 69 Ill. 481; Warrick v. Smith, 137 Ill. 504; Purvines v. Harrison, 151 Ill. 223.

There was a general prayer in the bill for such other and further relief as the nature of the case might require and as should seem agreeable to equity and good conscience.

"If the complainant mistake the relief to which he is entitled in his special prayer, the court may under the prayer for general relief grant such relief as he is entitled to, consistent with the case made by the bill." Stanley v. Valentine, 79 Ill. 544.

The court should have decreed a foreclosure of the second mortgage, and it erred in entering a decree dismissing appellant's bill and in adjudging the costs against him. The decree is reversed and the cause remanded with directions to grant appellant a decree for foreclosure upon the second note and mortgage as of the date they bore when signed by the mortgagor, to wit, Dec. 28, 1908, and to allow interest from that date.

*Reversed and remanded with directions.*

---

**Randolph Redin, Appellee, v. Alton, Granite & St. Louis Traction Co., Appellants.**

1. COMMON CARRIERS—*sufficiency of evidence.* A verdict for plaintiff in an action for injuries sustained by being thrown off a street car, cannot be said to be against the manifest weight of the evidence because the conductor, motorman, and three other witnesses testified that the plaintiff attempted to get off before the car stopped, while the plaintiff's testimony to the contrary was corroborated by only one witness.

2. COMMON CARRIERS—*custom of stopping cars.* In an action for injuries, sustained by being thrown from a street car which, it was alleged, was started before the plaintiff had alighted, evidence that the defendant was accustomed to stop at that particular place to receive and discharge passengers, is admissible.

3. COMMON CARRIERS—*instructions.* An instruction to the effect, that a carrier must do all that human care, vigilance, and foresight

492 APPELLATE COURTS OF ILLINOIS.

Redin v. Alton, Granite & St. Louis Trac. Co., 173 Ill. App. 491.

could reasonably do consistently with the character and mode of conveyance, and the practical prosecution of its business to prevent an accident to a passenger while he is alighting from the car, is correct.

4. COMMON CARRIERS—*instructions.* An instruction to the effect, that defendant owed plaintiff "no duty with. respect to his alighting, and the mere fact that plaintiff arose and went out to the platform was not notice to the conductor that he wished to alight at that time and place," is properly modified by inserting, "while the car was in motion," after the word "alighting," and "alone," after the word "fact," where there is evidence, that plaintiff got off at a usual stopping place and rang the bell as he went to the platform.

Action in case for personal injuries. Appeal from the City Court of Granite City, the Hon. J. M. BANDY, Judge, presiding. Heard in this court at the March term, 1912. Affirmed. Opinion filed October 7, 1912.

BURROUGHS & RYDER, for appellant.

M. R. SULLIVAN, for appellee.

MR. JUSTICE SHIRLEY delivered the opinion of the court.

This is an appeal from a judgment recovered by appellee for injuries alleged to have been sustained as a result of the negligence of appellant.

It was alleged in the declaration that appellee became a passenger on one of the cars of appellant's street railway to be carried from Granite City to the village of Madison, where he desired to alight; that while appellee was endeavoring to alight from the car where it had come to a stop on Madison Avenue in Madison, at a point thirty feet south of the south line of Third Street, the appellant having notice that appellee was in the act of leaving the car or by the exercise of reasonable care should have so known, and while appellee was on the steps of the car endeavoring to alight, appellant negligently started the car whereby appellee was thrown from the car and injured.

One of the errors relied on for a reversal of the judgment is the refusal of the court to set aside the

Redin v. Alton, Granite & St. Louis Trac. Co., 173 Ill. App. 491.

verdict on the ground it was against the weight of the evidence.

Appellee boarded the car in Granite City to be carried to Madison. His purpose was to alight from the car at Third Street in Madison. The car did not stop at Third Street on that trip, but ran beyond to a point where the rear end of the car would be thirty or forty feet south of Third Street. The weight of the evidence shows it was customary and usual for the cars to stop at that point instead of on Third Street for the purpose of turning certain switch signals and that when cars stopped there passengers were accustomed to get on and off. It is contended that appellee did not alight from the car after it stopped but attempted to do so before it stopped, when he fell.

Appellee, a man over eighty years of age, testified that when he got on the car he took a seat inside; that when the car had nearly reached Third Street he rang the bell and went to the rear platform and was ready to get off there; that the car did not stop on Third Street, but stopped about sixty feet south of the street; that when it stopped he stepped down and was getting off the car when it started and threw him off onto the paved street. Appellee's testimony as to being thrown from the car in the manner stated by him, was corroborated by a witness Louis Angel, who testified he was at Third Street for the purpose of boarding the car and saw the accident. The testimony of the conductor, motorman and three other witnesses tends to show that appellee fell from the car before it stopped. None of the witnesses saw him fall but the distance appellee was lying from the car after it stopped and the noise as of some one falling before the car stopped were circumstances from which the jury might have found the material averment in the declaration that he was thrown from the car by starting it, was not proven. The credibility of the witnesses and the weight of the evidence, however, were questions for the jury and the verdict, after considering all the circum-

stances, was not so manifestly against the evidence that it should have been disturbed.

It is next contended that the court committed error in admitting evidence of the custom or habit of appellant of failing to stop at Third Street in the operation of its cars, and of stopping them a short distance south of Third Street and of receiving and discharging passengers at that point. It is said there was no charge in the declaration of negligence in failing to stop at Third Street. This is true. The gravamen of the declaration is the charge of negligently starting the car while appellee was in the exercise of care attempting to alight. If appellant was accustomed to pass over Third Street with passengers and discharge them at the point where the car stopped it was its duty to use care to safely discharge them there, and such evidence was material as bearing upon appellant's alleged negligence in starting the car before appellant had a reasonable time to alight as the evidence of appellee showed. Such custom was also material to be shown as bearing upon the degree of care exercised by appellee in attempting to alight at that point, he having stated that he rode those cars almost every day. Counsel for appellant cite West Chi. St. R. R. Co. v. Torpe, 187 Ill. 610, in support of the contention that such evidence was not admissible. It was said in that case that the vital point in controversy was whether the train which the deceased attempted to board was running slowly or at full speed and it was error to admit evidence in corroboration of evidence that the train was running slowly, that the company was accustomed to stop its trains or run slowly for the purpose of receiving passengers.

The question there was whether that particular train was running slow or fast, and the testimony as to how the company usually ran its trains there was irrelevant, and did not tend to prove at what speed the particular train was running. The question in this case was whether appellant was accustomed to stop beyond Third Street to receive and discharge passengers as

bearing upon the question of negligence at the time appellee attempted to leave the car and was a different question from the case cited.

It is complained that appellee's first instruction was wrong. The instruction told the jury it was appellant's duty as a carrier to do all that human care, vigilance and foresight could reasonably do consistently with the character and mode of conveyance and the practical prosecution of its business to prevent an accident to appellee while he was riding upon or alighting from the car, and if appellant failed to use such care and thereby appellee was injured as alleged in the declaration while he was in the exercise of care appellant should be found guilty. This instruction correctly states the measure of the carrier's duty to the passenger (Union Trac. Co. v. Lowenrosen, 222 Ill. 508), but it is said while the instruction would be proper where there was a general charge of negligence it was not so where there was a specific charge as in this case, and that by reason of the evidence that appellant was accustomed to pass over Third Street the jury would infer the failure to stop there was not exercising the required degree of care. The declaration did not aver any negligence in running beyond Third Street. The only negligence averred was in starting the car before appellee had safely alighted therefrom, and all the evidence was directed to such negligent act and no other. This instruction and others limited the negligence of appellant to that alleged in the declaration, and we are unable to see how the jury could have been misled to infer some supposed negligence of which there was neither averment or proof.

Appellant asked an instruction to the effect that unless the conductor had notice that appellee wished to alight the company owed him no duty with reference to his alighting, and would not be negligent in starting the car before he alighted, and the mere fact that appellee arose and went out to the platform was not notice to the conductor that he wished to alight at that

time and place. The court modified the instruction by inserting that the company owed appellee no duty with reference to his alighting *while car was in motion* and that the mere fact *alone* that appellee went to the platform was not notice to the conductor that he wished to alight. The modification is in italics and it is complained was erroneous. The evidence showed that passengers were discharged and taken on at that place, and this was not disputed. In such case it is the duty in the exercise of that degree of care the law imposes, for the carrier not to start the car after stopping until all passengers who are in the act of leaving the car have an opportunity to do so. Appellee went to the platform with his bundles to leave the car after he had given the signal to stop at Third Street. This was sufficient notice to the conductor that he desired to alight there, and sufficient to charge appellant with the duty to observe the care required by the law toward him as a passenger intending to leave the car. It was appellant's duty under the circumstances not to start the car while he was in the act of alighting or until it was found he did not intend to alight, and the modification which by inference told the jury it owed him the duty after the car stopped was not erroneous. Even if the instruction as asked had stated a correct principle the modification that the mere fact *"alone"* that appellee went to the platform was not notice to the conductor he intended to alight, was proper, in view of the testimony of appellee that he had also given notice by a signal to stop at Third Street.

No error appearing the judgment is affirmed.

*Affirmed.*