# Willie Lee Patterson, Defendant in Error, v. Robert Aitken, Plaintiff in Error.

1. APPEAL AND ERROR—*insufficiency of record to show error in refusing continuance.* In absence from the record of the facts upon which defendant bases his argument that he should have been granted a continuance because of the withdrawal of his attorneys, due to their misapprehension as to who was the real defendant, the Appellate Court will not interfere with the trial court's denial of a motion for the continuance.

2. PARENT AND CHILD—*responsibility of parent for child's negligence in driving motor vehicle.* In an action against a father for personal injuries caused by his minor son's reckless driving of the father's automobile in the line of its use by the father, the latter is liable for the acts of the son.

3. PLEADING—*denial of ownership under general issue in tort action.* In action for personal injuries due to negligent operation of an auto-

mobile by defendant's minor son, the defendant cannot deny his owner-
ship of the car under the general issue.

4. EVIDENCE—*sufficiency of objection to admissibility of ordinance.*
Objection to the introduction in evidence of a city ordinance as invalid
can only be made by specifically pointing out the imperfections render-
ing it invalid and not by general objections.

5. PARENT AND CHILD—*admissibility of ordinances in action against
parent for child's negligence.* In action for personal injuries due to
negligent operation of an automobile by defendant's minor son, where
the evidence tends to show that the father owned the car, evidence of
city ordinances violated by the son is competent against the father.

Error by defendant to the City Court of East St. Louis; the Hon.
WILLIAM F. BORDERS, Judge, presiding. Heard in this court at the
March term, 1926. Affirmed. Opinion filed July 9, 1926. [This opinion
was received for publication on May 31, 1927.]

WHEELER, OEHMKE & McKNIGHT, for plaintiff in
error.

LOUIS BEASLEY and EDWARD C. ZULLEY, for defendant
in error.

MR. JUSTICE HIGBEE delivered the opinion of the
court.

This is an action brought by defendant in error
Willie Lee Patterson to recover damages for personal
injuries he claimed to have sustained when Robert
Aitken, Jr., the son of plaintiff in error Robert Ait-
ken drove an automobile against him as he was alight-
ing from a street car in the city of East St. Louis on
April 27, 1925. There was a verdict and judgment
for defendant in error in the sum of $2,500. The facts
in proof showed plainly without contradiction that
defendant in error was injured by the negligence of
the son of plaintiff in error in driving the car of the
latter. The grounds urged by attorneys for plaintiff
in error for a reversal of this judgment are the action
of the trial court in denying their motion for a con-
tinuance, the admission in evidence of certain ordi-
nances of the city of East St. Louis, and the giving

of the second instruction for defendant in error which told the jury that the filing of the general issue by plaintiff in error admitted the ownership by him of the automobile in question. But little of the matter presented as a basis for the claim that it was error for the trial court to deny a continuance is found in the record, but it appears from the argument of attorneys for plaintiff in error that the original attorneys of record for plaintiff in error in this case were Earl B. Songer and Charles L. Cray. On the day the cause was set for trial these attorneys asked leave to withdraw as attorneys for plaintiff in error which motion was denied by the court. Then the law firm of Whitnel & Browning presented a motion for a continuance, supported by an affidavit of Judge Browning and the affidavit of Earl B. Songer and Charles L. Cray, and also defendant in error. The affidavit of Judge Browning was to the effect that his firm had at 9 o'clock that morning been retained as attorneys and had had no opportunity to consult with their client to investigate the facts, to examine the pleadings, or in any way prepare the case for trial. The affidavit of Songer & Cray stated that they had theretofore been retained to defend the suit and were so employed until 4 o'clock p. m. of the day before; that they had understood that the defendant in the cause was Robert Aitken, Jr., and not Robert Aitken, the father; that neither of them had been employed by Robert Aitken the real defendant and that upon learning that the father was the real defendant they asked leave to withdraw as attorneys, and that the cause be continued in order that attorneys for the defendant might prepare the case and that neither of them had ever seen or known either the defendant, Robert Aitken, or his son, Robert Aitken, Jr., prior to 4 o'clock p. m. of the evening before.

The affidavit of plaintiff in error stated that immediately after the service of process on him attorneys

Songer & Cray were employed and retained to conduct the defense in said cause and filed a plea to said declaration; that shortly before the convening of court on the day this case was set for trial these attorneys informed him that they had been misinformed as to the real defendant; that they understood the real defendant was Robert Aitken, Jr.; that not having been employed to represent plaintiff in error but believing they were representing his son they would withdraw from the case and ask for a continuance; that he then immediately employed Whitnel & Browning to represent him; that up to that time Whitnel & Browning had not been informed of any of the facts or as to the status of the pleadings, and that plaintiff in error had a good, substantial and meritorious defense.

Attorneys devote by far the greater part of their argument on this question to a discussion of the connection of some insurance company with this case. They seem to contend that such insurance company carried a liability policy upon the car of plaintiff in error, and that it was discovered by such company that the car driven by the son at the time of the accident belonged to him and not his father, and that thereupon the insurance company abandoned the defense of the suit. This fact nowhere appears in the record. In fact plaintiff in error expressly states in his own affidavit that attorneys Songer & Cray "were employed and retained to conduct the defense in said cause" without stating by whom they had been employed and there is nothing to show that they were employed by some insurance company and not by him. The record is entirely barren of any of the facts on this subject discussed by attorneys for plaintiff in error. The trial judge who heard the motion was necessarily more familiar with the history of the case than this court can become by an examination of this

record, and we cannot say that he erred in denying the motion for a continuance.

The negligence charged in the two counts of the declaration was based upon an alleged violation of certain city ordinances set out therein regulating the stopping of automobiles when passing a street car which had stopped to allow passengers to alight. It is argued that these ordinances were improperly admitted in evidence because no proof was made of their passage and publication. The case seems to have been tried by attorneys for plaintiff in error upon the theory that he was not liable for the negligence of his son in driving his, the father's, automobile, and throughout the taking of the evidence they objected to numerous questions as being incompetent, irrelevant and immaterial, as against this defendant, Robert Aitken. The objection was sometimes stated as being an objection "to any and all testimony regarding acts performed by Robert Aitken, Jr.," because "it was in no way binding upon or involving this defendant Robert Aitken, Sr." The particular objection made to the introduction of the ordinances in question was in the following language: "I object to it because it is immaterial, irrelevant and incompetent, as to this defendant." This objection to the introduction of ordinances seems to have been upon the same theory as the other objections, and must have been so understood by the trial court, that is, that the father, the plaintiff in error, was not liable for any of the negligent acts of his son and therefore was not liable for any negligent violation of these ordinances by his son. Under the late holding of the Supreme Court in *Gates v. Mader*, 316 Ill. 313, it seems to be the well settled doctrine of this State that plaintiff in error would in a case such as this be liable for such negligent acts of his minor son. The only plea on file in this case was the general issue, and by the authority of *Mueller v. Hayes*, 321 Ill. 275, and *Carlson v. Johnson*, 263 Ill. 556, plaintiff in error could not under the

general issue deny the ownership of the car. The grounds of objection as stated therefore seemed to be, not that the ordinances were invalid or not properly enacted, but that they were not competent and relevant under the facts in this case against this plaintiff in error, which was the theory of all of the other objections made throughout the trial of the case by attorneys for plaintiff in error. If the objection had specifically raised the question of the publication or the passage of the ordinances proof thereof might have been made. A general objection to the introduction of an ordinance does not raise the question of its validity. This can only be done by specific objection upon that ground and the imperfections rendering it invalid must be pointed out so that the same can at that time be remedied by proof if possible. *Payne v. Village of South Springfield,* 161 Ill. 285; *Craw v. Chicago City Ry. Co.,* 159 Ill. App. 100; *City of Chicago v. Bullis,* 138 Ill. App. 297; *Illinois Cent. R. Co. v. Burke,* 112 Ill. App. 415, and *Wabash R. Co. v. Kamradt,* 109 Ill. App. 203. This general objection, therefore, was not sufficient to raise the question of the validity of the passage and publication of the ordinances in question. Plaintiff in error being liable under the authorities above for the negligent acts of his son in driving the father's car, and there being evidence tending to show that the car driven by the son belonged to the father, the ordinances in question, if the provisions thereof were violated by the son, were as competent and relevant against the father as though the suit had been brought against the son. It was not error, therefore, to overrule the general objections to the introduction of these ordinances.

There being nothing in the record from which it appears that it was an abuse of the discretion of the trial court to overrule a motion for a continuance and no error appearing in the trial of the case the judgment must be affirmed.

*Affirmed.*