Martha B. Ward (Horton), Appellee, v. Ernest Cozzi, Appellant.

Gen. No. 47,426.

First District, First Division.

February 9, 1959.

Released for publication March 3, 1959.

Vogel & Vogel, of Chicago (L. H. Vogel, Robert C. Vogel, Robert B. Johnstone, of counsel) for defendant-appellant.

Carl L. Steiner and Edward G. Bazelon, of Chicago (Axelrod, Goodman & Steiner, of counsel) for plaintiff-appellee.

JUSTICE DEMPSEY delivered the opinion of the court.

This is a personal injury case in which the plaintiff, Martha Ward Horton, was awarded $5,000 damages for injuries she received in an automobile accident at Ridgeland Avenue and Jackson Boulevard, Oak Park, on March 26, 1950.

She was a front seat passenger in a car being driven north on Ridgeland by Carl Horton, the man she later married. As the car proceeded across Jackson, an east-west street, it was struck in the middle of the right side by the auto of the defendant, Ernest Cozzi, which was traveling west on Jackson. As a result of this collision Horton's car hit a third one driven by Marion Kennedy, which had stopped at the northwest corner of the intersection.

Mr. and Mrs. Horton sued Cozzi; Mrs. Kennedy sued Cozzi and Horton. The cases were consolidated. Verdicts were returned for all plaintiffs against all defendants. New trials were granted except in the case of Mrs. Horton; Cozzi, the defendant in that case, has appealed.

The principal issues are that the verdict is against the manifest weight of the evidence; that error was committed in the testimony of the medical witness, and that there was error in the giving and refusing of instructions.

██ The testimony of three witnesses indicated that Horton had the green light when he entered the intersection. The testimony of two witnesses indicated he did not. His auto was more than halfway across Jackson when the impact occurred; it then moved west and north, collided with Mrs. Kennedy's car, pushed that

car backwards and came to a stop against a tree farther to the west. There is no basis, either from the testimony or the physical facts, for us to find that the verdict was against the manifest weight of the evidence.

■ Dr. Harold M. Kass, Mrs. Horton's attending physician, testified that he examined x-rays which showed a fine line across the right frontal region of the head, which, in his opinion, represented a skull fracture. This testimony is objected to on the grounds that he was not qualified to read x-rays; that the opinion he gave was not his own but that of a roentgenologist with whom he had conferred; that no foundation had been laid for the films and that they were not produced in court.

The doctor said he had examined several hundred films during the twenty years he had been practicing medicine. Whether this, and his professional training and skill, qualified him to interpret x-rays was a question for the determination of the trial judge. The court's discretion was properly exercised.

The day after the pictures were taken the doctor talked to a roentgenologist who said there was a skull fracture. The doctor testified he adopted the opinion of the specialist. We do not understand this to mean he had no opinion of his own, for he also said he made an independent reading and interpretation.

■ There was no testimony of how or by whom the pictures had been taken. It seemed to be assumed they were pictures of Mrs. Horton, but there was no testimony identifying them as such. Furthermore, they were not produced and the evidence explaining their absence was incompetent. The doctor said when he attempted to obtain them he was informed by the hospital librarian that they were destroyed after five years. We agree with the defendant that the foundation for the x-ray testimony was insufficient. We dis-

300

agree, however, that permitting the testimony was prejudicial error.

The doctor made a complete examination of Mrs. Horton after the accident. Besides other pains, she was suffering from headache and dizziness and had a large swelling above her right eye. He had an x-ray taken of her skull and ordered her to be placed flat on her back with ice packs applied to her head. The next morning, after viewing the x-rays, he prescribed the identical treatment. Thus it appeared that the x-ray of the skull confirmed his first impression of her injury. He testified that headache and dizziness were symptoms of brain concussion and skull fracture. These symptoms persisted and the same treatment was continued. Mrs. Horton was kept in bed thirteen days at the hospital and for a month at home. She couldn't see for one day; her eyes were swollen and black and blue. This discoloration, and the bump on her forehead, remained for several weeks.

There was ample evidence tending to show skull injury apart from that portion of the doctor's testimony appertaining to the x-rays. The rule is that a verdict will not be reversed because incompetent evidence may have been admitted, if there is in the record sufficient competent evidence to sustain the verdict. Sisters of Third Order of St. Francis v. Guillaume, 222 Ill. App. 543. Furthermore, there is no complaint of the verdict being excessive and, after reviewing the record, we consider it reasonable. Even though erroneous evidence which bears upon the question of damages has been admitted, a reversal will not be ordered unless the verdict is excessive. Craw v. Chicago City R. Co., 159 Ill. App. 100.

The defendant contends the court erred in not giving the following instruction:

"If you believe, from the evidence, that a plaintiff, by using his or her faculties with ordinary and reasonable

care in looking out for danger, would have avoided injury on the occasion in question, and that he or she negligently failed to do so and thereby proximately contributed to the injury, if you believe he or she was injured, then such plaintiff cannot recover in this case."

■■ This instruction, although approved in some cases, notably those involving railroad crossings, was incorrect under the facts in this case. It imposed upon Mrs. Horton a duty which she, as a passenger, did not have. The evidence revealed that she saw that the light was green as they entered Jackson and she then turned her attention to her two-year old son who was in the back seat. She did not see the Cozzi car until it was upon them; there was no evidence she was aware of any danger before the crash. An analogous instruction was given which applied to Carl Horton. His negligence, if any, cannot be imputed to her.

It is further argued that the plaintiff's instruction on the issues of the case was similar to the one held to be error in Signa v. Alluri, 351 Ill. App. 11. We do not agree. The only similarity is the subject matter. With comparative brevity this instruction fairly outlined the complaint and the answer.

The judgment of the trial court is affirmed.

Judgment affirmed.

McCORMICK, P. J. and SCHWARTZ, J., concur.